# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ELIZABETH A. BLACK,**

              **Plaintiff,**

**vs.**                            **CASE NO.:  8:16-cv-02117-T-23TGW**

**NATIONAL BOARD OF**
**MEDICAL EXAMINERS,**

              **Defendant.**

_____/

## DEFENDANT'S ANSWER AND DEFENSES

Defendant National Board of Medical Examiners ("NBME"), by and through its attorneys, hereby answers Plaintiff's Initial Complaint ("Complaint").  NBME denies that it violated the Americans with Disabilities Act ("ADA") with respect to Plaintiff's request for testing accommodations on Step 1 of the United States Medical Licensing Examination ("USMLE"), and responds to the specific allegations in the correspondingly numbered paragraphs and claims as follows:

## JURISDICTION AND VENUE

1.      NBME admits that Plaintiff purports to bring this action for declaratory and injunctive relief for alleged violations of Title III of the Americans with Disabilities Act of

- 1 -

1990, as amended, 42 U.S.C. §§ 12181-12189.  NBME denies that NBME is subject to all provisions in Title III of the ADA and denies that it violated the ADA.

2.      The allegation in paragraph 2 of Plaintiff's complaint constitutes a legal conclusion that NBME is not required to admit or deny, but if so required, NBME admits that 42 U.S.C. § 12188 authorizes private lawsuits under Title III of the ADA.

3.      The allegations in paragraph 3 of Plaintiff's complaint constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that the Court has subject matter jurisdiction over Plaintiff's claims.

4.      The allegations in paragraph 4 of Plaintiff's complaint constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME states that it is not contesting Plaintiff's right to seek declaratory or injunctive relief under Title III of the ADA, but denies that Plaintiff is entitled to any such relief.

5.      NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 regarding Plaintiff's residence or domiciliary, and therefore denies them.  The remaining allegations in paragraph 5 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

6.      NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7.      NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 7 and therefore denies them.  In response to the allegations in the second sentence of paragraph 7, NBME states that it received a Psychoeducational Evaluation dated October 21, 2014, signed by Megan V. McMurray, M.A. (Clinical Psychology Trainee) and Margaret Booth-Jones, Ph.D. (Supervising Psychologist) diagnosing Plaintiff with Attention Deficit Hyperactivity Disorder with combined presentation.  NBME denies that the October 2014 Evaluation "confirms" any prior evaluation, denies that the 2014 Evaluation demonstrates that Plaintiff meets the diagnostic criteria for ADHD, combined presentation, as expressed in DSM-5, and denies all remaining allegations in paragraph 7.

8.      NBME admits the allegations in paragraph 8.

9.      NBME admits the allegations in the first sentence of paragraph 9.  NBME admits that state medical boards rely upon the successful completion of the USMLE as part of their processes for licensing physicians.

10.      NBME admits that it is subject to 42 U.S.C. § 12189 and its implementing regulations with respect to the administration of the USMLE.  NBME denies that it is subject to "all other requirements specified within Title III of the ADA, 42 U.S.C. §§ 12181-12189."

## FACTUAL ALLEGATIONS

### Plaintiff

11.      NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

12.    NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.

13.    NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14.    NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

15.    NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 or footnote 1 and therefore denies them.

16.    NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17.    NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18.    NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19.    NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20.    NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

21.    NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

22.    NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.

23.     NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies them.

24.     NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.

25.     NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26.     NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them.

27.     NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.

### The National Board of Medical Examiners and the United States Medical Licensing Examination Accommodated Testing Application Process

28.     NBME admits the allegations in paragraph 28.

29.     NBME admits the allegations in paragraph 29.

30.     NBME admits the allegations in paragraph 30.

31.     NBME admits the allegations in paragraph 31, except denies that the USMLE website describes what the Step 1 examination "purportedly" measures.

32.     NBME admits the allegations in paragraph 32.

33.     NBME admits the allegations in paragraph 33.

34.     NBME admits that the form for requesting testing accommodations on the USMLE for the first time requires applicants to provide the supporting documentation indicated in paragraph 34, but also requires that the "complete and comprehensive evaluation" referenced in paragraph 34 be from a "qualified professional."

35.     NBME admits that the form for requesting testing accommodations on the USMLE for the first time asks applicants to list the "**current DSM/ICD** diagnosis/diagnoses" for which they are requesting accommodations.   NBME denies the remaining allegations in paragraph 35.

36.     NBME admits that the language quoted in paragraph 36 of the complaint is found on the USMLE website in a document entitled "General Guidelines for all Disabilities," but denies that this is a complete recitation of all information conveyed therein. In response to footnote 2, NBME admits that the "General Guidelines for all Disabilities" do not explicitly reference DSM-5 and denies the remaining allegations in the footnote.

37.     NBME admits that the application form for requesting testing accommodations on the USMLE for the first time contains the "what to submit" language quoted in paragraph 37, and denies the remaining allegations in paragraph 37.

38.     NBME admits that the USMLE website contains general guidelines for testing accommodation requests and more specific guidelines for testing accommodation requests based on learning disorders, Attention-Deficit/Hyperactivity Disorder, Vision Impairments, and Hearing Impairments.   NBME denies the remaining allegations in paragraph 38.

39.     NBME admits that the USMLE guidelines for requesting testing accommodations based on Attention-Deficit/Hyperactivity Disorder identifies eight issues that applicants' documentation must address relative to ADHD.   NBME denies the remaining allegations in paragraph 39.

40.     NBME admits that Plaintiff has quoted certain language from the guidelines for requesting testing accommodations on the USMLE on the basis of ADHD.   NBME denies the remaining allegations in paragraph 40.

41.     NBME admits that Plaintiff has quoted certain language from the guidelines for requesting testing accommodations on the USMLE on the basis of ADHD.   NBME denies the remaining allegations in paragraph 41.   In response to footnote 3, NBME admits that the ADHD Guidelines do not explicitly reference DSM-5 and denies the remaining allegations in the footnote.

42.     NBME denies the allegations in paragraph 42.

43.     NBME denies the allegations in paragraph 43.

44.     NBME admits that Plaintiff has quoted certain language from the guidelines for requesting testing accommodations on the USMLE on the basis of ADHD.   NBME denies the remaining allegations in paragraph 44.

45.     NBME admits that the USMLE website contains information regarding NBME's 2011 settlement with the United States Department of Justice, and that the website indicates this information was posted on March 18, 2011.   NBME denies the remaining allegations in paragraph 45.

46.     NBME denies that Plaintiff has quoted accurately and in full the particular provision she references from NBME's 2011 settlement agreement with the United States Department of Justice, and denies the remaining allegations in paragraph 46.

47.     NBME admits that Plaintiff has accurately quoted certain language from NBME's website.   NBME denies the remaining allegations in paragraph 47.

48.     NBME denies the allegations in paragraph 48 as stated, and states that candidates can seek reconsideration of a denial of a request for testing accommodations by submitting additional documentation to NBME.

49.     NBME admits that USMLE score reports and transcripts issued on or after September 10, 2014 have not included an annotation that a test accommodation was granted. NBME denies the remaining allegations in paragraph 49.

**Evolution of ADHD Diagnostic Thought from DSM-IV (1994) to DSM-5 (2013)**

50.     The allegations in paragraph 50 attempt to paraphrase certain diagnostic criteria for ADHD from the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV).  NBME denies that the allegations in paragraph 50 are a full or complete recitation of the diagnostic criteria.

51.     The allegations in paragraph 51 attempt to paraphrase certain diagnostic criteria for ADHD from the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV).  NBME denies that the allegations in paragraph 51 are a full or complete recitation of the diagnostic criteria.

52.     The allegations in paragraph 52 attempt to paraphrase certain diagnostic criteria for ADHD from the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-5).  NBME denies that the allegations in paragraph 52 are a full or complete recitation of the diagnostic criteria.  NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 4 and therefore denies the allegations.

53.     NBME denies the allegations in paragraph 53.

54.     The allegations in paragraph 54 attempt to paraphrase and compare certain diagnostic criteria for ADHD from DSM-IV and DSM-5.  NBME denies that the allegations in paragraph 54 are a full or complete recitation of the relevant diagnostic criteria.

55.     The allegations in paragraph 55 attempt to paraphrase and compare certain diagnostic criteria for ADHD from DSM-IV and DSM-5.  NBME denies that the allegations in paragraph 55 are a full or complete recitation of the relevant diagnostic criteria.

56.     NBME denies the allegations in paragraph 56.

57.     The allegations in the second sentence of paragraph 57 and footnote 5 attempt to paraphrase certain diagnostic criteria for ADHD from DSM-IV and DSM-5.  NBME denies that the allegations in the second sentence of paragraph 57 and footnote 5 are a full or complete recitation of the relevant diagnostic criteria.  NBME denies the remaining allegations in paragraph 57.

**Plaintiff's First Application for Reasonable Test Accommodations
on the USMLE Step 1 Examination**

58.     NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies them.

59.     NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies them.

60.     NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore denies them.

61.     NBME admits that Plaintiff sat for the USMLE Step 1 Examination on July 3, 2014, and received a score of 183.  NBME further admits that the minimum passing score on the USMLE Step 1 Examination at this time was 192, and that Plaintiff did not pass the

examination.  NBME admits that USMLE score reports and transcripts issued on or after September 10, 2014 have not included an annotation that a test accommodation was granted. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 61, and therefore denies them.  NBME denies the remaining allegations in paragraph 61.

62.    NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies them.

63.    NBME admits that USMLE score reports and transcripts issued on or after September 10, 2014 have not included an annotation that a test accommodation was granted. NBME admits that it received certain documentation from Plaintiff requesting testing accommodations on the USMLE Step 1 examination on November 26, 2014, but denies that Plaintiff's request for testing accommodations was complete at that time.  NBME further admits that Plaintiff sought 50% additional test time over 2 days, and that she represented in her application that she was first diagnosed with ADHD in "2008/2009" and listed her current DSM/ICD diagnosis as "DSM-5: 314.01 Attention deficit hyperactivity disorder with combined presentation."  NBME denies the remaining allegations in footnote 6.  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 and therefore denies them.

64.    NBME admits that Plaintiff included a personal statement with her November 2014 request for testing accommodations.  The remaining allegations in paragraph 64 quote from and attempt to summarize parts of Plaintiff's personal statement.  NBME admits that Plaintiff has accurately quoted from portions of Plaintiff's personal statement.  NBME denies

that the allegations in paragraph 64 are a full or complete recitation of the language in Plaintiff's personal statement.

65.    NBME admits that Plaintiff included a letter dated November 25, 2014, signed by Pamela O'Callaghan, Ph.D., Director, Academic Support Center and Assistant Professor, Department of Family Medicine, USF, with her November 2014 request for testing accommodations.  NBME denies that Plaintiff has accurately quoted or paraphrased from this letter in paragraph 65.

66.    NBME admits that Plaintiff submitted a Psychoeducational Evaluation dated October 21, 2014, signed by Megan V. McMurray, M.A., Clinical Psychology Trainee and Margaret Booth-Jones, Ph.D., Supervising Psychologist, with her November 2014 request for testing accommodations.  NBME denies that this was the "final" piece of information submitted for Plaintiff's November 2014 testing accommodation request. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 66 and therefore denies them.  NBME admits that Plaintiff has accurately quoted language from this document in the second and third sentences of paragraph 66.  NBME denies the remaining allegations in paragraph 66.

67.    With regard to paragraph 67, NBME admits that it sent a letter to Plaintiff dated March 2, 2015, from Catherine Farmer, Psy.D., Director, Disability Services and ADA Compliance Officer, Testing Programs, informing her that her request for testing accommodations was denied.  NBME denies the remaining allegations in paragraph 67.

68.     NBME admits that the first page of Dr. Farmer's March 2, 2015, letter quotes from Plaintiff's personal statement and the psychoeducational evaluation accompanying her application.  NBME denies the remaining allegations in paragraph 68.

69.     NBME admits that Plaintiff has accurately quoted language from the beginning of page two of Dr. Farmer's March 2, 2015 letter.  NBME denies the remaining allegations in paragraph 69.

70.     NBME admits that Plaintiff purports to selectively quote from Dr. Farmer's March 2, 2015 letter in paragraph 70.  NBME denies that Plaintiff has provided a full or complete recitation of the language in Dr. Farmer's March 2, 2015 letter.

71.     NBME admits that Plaintiff purports to selectively quote from Dr. Farmer's March 2, 2015 letter in paragraph 71.  NBME denies that Plaintiff has provided a full or complete recitation of the language in Dr. Farmer's March 2, 2015 letter.

72.     NBME admits that Plaintiff purports to selectively quote from Dr. Farmer's March 2, 2015 letter in paragraph 72.  NBME denies that Plaintiff has provided a full or complete recitation of the language in Dr. Farmer's March 2, 2015 letter.

73.     NBME admits that it did not conduct an in-person interview or assessment of Plaintiff.  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73 and therefore denies them.

74.     NBME admits that Plaintiff sat for the USMLE Step 1 examination on April 9, 2015, and earned a score of 189.  NBME further admits that the minimum passing score of the USMLE Step 1 examination at this time was 192.  NBME is without knowledge or

information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 74 and therefore denies them.

75.     NBME admits that Plaintiff submitted an Issue with Administration of Exam following the April 9, 2015 administration of the USMLE Step 1 examination.  NBME admits that it responded to Plaintiff's submission by letter dated April 29, 2015.  NBME denies that Plaintiff has fully and accurately paraphrased from this letter in paragraph 75. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 75, and therefore denies them.

76.     NBME admits that Plaintiff sat for the USMLE Step 1 examination on July 2, 2015, and earned a score of 173.  NBME further admits that the minimum passing score on the USMLE Step 1 examination at this time was 192.  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 76 and therefore denies them.

77.     NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore denies them.

### Plaintiff's Second Application for Reasonable Test Accommodations on the USMLE Step 1 Examination

78.     NBME admits that it informed Plaintiff that she could request reconsideration and that requests for reconsideration must include new substantive supporting documentation.  NBME denies the remaining allegations in paragraph 78.

79.     NBME admits that it received a request for testing accommodations from Plaintiff on or about January 25, 2016.  NBME admits that Plaintiff submitted a letter to NBME stating, on the third line of the header, "Request for USMLE Step 1 Test

Accommodations/Appeal of Decision."   NBME admits that Plaintiff quotes from certain language in the letter, but denies that this is a full or complete recitation or paraphrasing of all the language in the letter.

80.    NBME admits that Plaintiff submitted certain elementary school report cards and a written letter to NBME with her January 2016 accommodation request.  NBME admits that Plaintiff has accurately quoted from certain statements in her letter in paragraph 80, but denies that this is a full or complete recitation of all the language in the letter.

81.    NBME admits that Plaintiff submitted an unsigned letter to NBME containing the typed signature "Lauren M. Hittson, M.D." and a letter signed by Jennifer Carangi, Field Placement Coordinator, Villanova University, with her January 2016 request.   NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81 and therefore denies them.

82.    NBME admits that Plaintiff included various letters and other documents with her January 2016 accommodation request.   NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82 and therefore denies them.

83.    NBME admits that Plaintiff included additional letters with her January 2016 accommodation request.   NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83 and therefore denies them.

84.    NBME admits that Plaintiff submitted a copy of a 2011 Settlement Agreement between the United States of America and NBME and a copy of informal guidance from the United States Department of Justice, Civil Rights Division, entitled "Testing

Accommodations" with her January 2016 accommodation request.  NBME admits that Plaintiff quotes from certain language in the latter document in paragraph 84, but denies that Plaintiff has fully or accurately quoted or paraphrased such language.

85.     NBME admits that it sent a letter to Plaintiff dated March 28, 2016, signed by Catherine Farmer, Psy. D., Director, Disability Services and ADA Compliance Officer, Testing Programs, informing Plaintiff, in part, that her request for accommodations was denied.  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 85 and therefore denies them.

86.     NBME denies the allegations in paragraph 86.

87.     NBME denies the allegations in paragraph 87.

88.     NBME denies the allegations in paragraph 88.  NBME admits that Plaintiff purports to quote from the DSM-5 in footnote 7.  NBME denies that Plaintiff has provided a full or complete recitation of the entire Cautionary Statement for Forensic Use of DSM-5.

89.     NBME admits that Plaintiff paraphrases and quotes from certain language in NBME's March 28, 2016 letter to Plaintiff in paragraph 89.  NBME denies that Plaintiff has provided a full or complete recitation of this letter.

90.     NBME admits the allegations in paragraph 90.

91.     NBME admits that neither Dr. Farmer nor any representative or agent of NBME interviewed or assessed Plaintiff in person.  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 91 and therefore denies them.

92.     NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and therefore denies them.

93.     NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 and therefore denies them.

### COUNT I

94.     NBME restates and incorporates by reference the paragraphs above.

95.     The allegations in paragraph 95 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that the language in paragraph 95 is found in 42 U.S.C. § 12101(b)(1) and (2).

96.     The allegations in paragraph 96 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that Plaintiff has recited, in part, the definition of "disability" found at 42 U.S.C. § 12102(1).

97.     The allegations in paragraph 97 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that the activities of learning, reading, concentrating, and thinking are included as "major life activities" in 42 U.S.C. § 12102(2)(A).

98.     The allegations in paragraph 98 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that Plaintiff has quoted from part of 42 U.S.C. § 12102(4)(A).

99.     The allegations in paragraph 99 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that Plaintiff has accurately quoted from 42 U.S.C. § 12102(4)(B).  The allegations in footnote 8 also constitute legal

conclusions that NBME is not required to admit or deny, but if so required, NBME denies that Plaintiff has recited the full legislative history for the ADA Amendments Act and further states that any such legislative history speaks for itself and any allegations inconsistent therewith are denied.

100. The allegations in paragraph 100 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that Plaintiff has recited language from 42 U.S.C. § 12102(4)(C).

101. NBME denies the allegations in paragraph 101.

102. The allegations in paragraph 102 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that Plaintiff has fully or accurately recited language from 42 U.S.C. § 12189 and 28 C.F.R. § 36.309(a).

103. The allegations in paragraph 103 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that Plaintiff has fully or accurately paraphrased from 28 C.F.R. § 36.309. The allegations in footnote 9 also constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies the allegations.

104. The allegations in paragraph 104 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that Plaintiff has fully or accurately paraphrased from 28 C.F.R. § 36.309.

105. The allegations in paragraph 105 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that Plaintiff has fully or accurately paraphrased from 28 C.F.R. § 36.309.

27462273.1                                    - 17 -

106.    The allegations in paragraph 106 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that Plaintiff has fully or accurately paraphrased from 28 C.F.R. § 36.309.

107.    NBME denies the allegations in paragraph 107.

The remaining allegations in Plaintiff's Complaint constitute a prayer for relief for which no response is required, but NBME denies that Plaintiff is entitled to the relief requested or to any relief.

ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED HEREIN ARE DENIED.

## DEFENSES

Defendant alleges the following defenses and reserves the right to plead additional defenses as may be revealed during the course of discovery.  Defendant denies all allegations in the Initial Complaint that have not been specifically admitted.

1.    To the extent that the Initial Complaint fails to state a cause of action, Plaintiff is not entitled to relief.

2.    To the extent Plaintiff lacks standing to seek relief under the ADA, she is not entitled to relief.

3.    To the extent that Plaintiff seeks relief not provided for by statute, she is not entitled to relief.

4.    NBME presently has insufficient knowledge or information on which to form a belief as to whether it may have additional defenses available.  NBME reserves the right to assert additional defenses in the event discovery or further analysis indicates that additional unknown or unstated defenses are applicable.

WHEREFORE, NBME prays for judgment as follows:

1.      That Plaintiff take nothing and be denied all relief requested in her complaint;

2.      That Plaintiff's complaint be dismissed with prejudice on the merits;

3.      That NBME recover its costs herein; and

That NBME be awarded such other and further relief as the Court deems just and proper.

Dated:  August 16, 2016                    Respectfully submitted,

/s/ Gregory A. Hearing
GREGORY A. HEARING
Florida Bar No. 817790
ghearing@tsghlaw.com
BENJAMIN BARD
Florida Bar No. 95514
bbard@tsghlaw.com
Thompson, Sizemore, Gonzalez & Hearing,  P.A.
201 N. Franklin Street,  Suite 1600
Post Office Box 639 (33601)
Tampa, Florida  33602
Tel:  (813) 273-0050
Fax: (813) 273-0072
Local counsel for National Board of Medical
Examiners

ROBERT A. BURGOYNE
robert.burgoyne@nortonrosefulbright.com
Norton Rose Fulbright US LLP
799 9th Street, NW, Suite 1000
Washington, DC 20001-4501
Tel:  (202) 662-4513
Fax:  (202) 662-4643
Attorneys for National Board of Medical Examiners

MOTION FOR PRO HAC ADMISSION
PENDING

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of August, 2016, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice

of electronic filing to the following:

        Anthony J. DePalma, Esq.
        Harold Bennett, Esq.
        Megan Collins, Esq.
        Disability Rights of Florida
        2473 Care Drive, Suite #200
        Tallahassee, Florida 32308
        tonyd@disabilityrightsflorida.org
        haroldb@disabilityrightsflorida.org
        meganc@diabilityrightsflorida.org
        Attorneys for Plaintiff

                                        ***/s/GREGORY A. HEARING***
                                        Attorney