UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ELIZABETH A. BLACK,**

    **Plaintiff,**

vs.                                                                 Case No.:  **8:16-cv-02117-T-23TGW**

**NATIONAL BOARD OF MEDICAL EXAMINERS,**

    **Defendant.**

_____/

## CASE MANAGEMENT REPORT

    **1.**    **Meeting of the Parties:**  Under Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on September 9, 2016**,** at 10:00 a.m. (check one)

    (✓) by telephone.
    (__) at _____.

The meeting was attended by:

| | |
|---|---|
| Harold Bennet<br>Megan Collins | Counsel for Plaintiff |
| Robert A. Burgoyne | Counsel for Defendant |

    **2.**    **Initial Disclosures:**

    a. Rule 26(a)(1), Federal Rules of Civil Procedure, states:

"Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

   (ii) a copy -- or a description by category and location -- of, all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control of the party and may use to support its claims or defenses, unless solely for impeachment;

   (iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

   (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."[1]

The parties (check one)

  _____  have exchanged Rule 26(a)(1)(A) information.

  ____✓____  agree to exchange Rule 26(a)(1)(A) information on or before **October 3, 2016**.[2]

  _____  stipulate to not disclose information because: _____

  _____  are unable to disclosure of Rule 26(a)(1)(A) information because:
  _____

  **3.**  **Discovery Plan (Plaintiff):** The parties jointly propose the following discovery plan for the Plaintiff.

   **a.**  **Planned Discovery:** A description of each discovery effort the Plaintiff

---

[1] "A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." See Fed. R. Civ. P. 26(a)(1).

[2] Under Rule 26(a)(1)(C), "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan." Unless otherwise stipulated or ordered, any party first served or otherwise joined after the Rule 26(f) conference must initially disclose within thirty days of being served or joined. Fed. R. Civ. P. 26(a)(1)(D).

plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the Plaintiff will pursue the discovery.

    **(1) Requests for Admission:** *Plaintiff may serve Requests for Admission on Defendant within the discovery period in accordance with the Federal Rules of Civil Procedure.*

Number of Requests for Admission:  In paragraph 6 of this order, a party may seek — in accord with Rule 26(b)(2) — to limit the number of the Plaintiff's requests for admission.

    **(2)  Written Interrogatories:** *Plaintiff may serve written interrogatories on Defendant within the discovery period in accordance with the Federal Rules of Civil Procedure.*

Number of Interrogatories:   Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  In paragraph 6 of this order the Plaintiff may request leave to exceed this limit.

    **(3)  Requests for Production or Inspection:** *Plaintiff may serve Requests for Production on Defendant within the discovery period in accordance with the Federal Rules of Civil Procedure.*

    **(4)  Oral Deposition:** *Plaintiff may take oral depositions within the discovery period in accordance with the Federal Rules of Civil Procedure.*

Number of Depositions:  Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  In paragraph 6 of this order the Plaintiff may request leave to exceed this limit.

Time Permitted for Each Deposition:  Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.

The parties request an order extending the duration of the following depositions:

*No depositions in excess of seven hours are anticipated.*

    **b.**    **Disclosure of Expert Testimony:**  Under Rule 26(a)(2)(C), the parties stipulate that the Plaintiff's Rule 26(a)(2) disclosure is due on or before:  **June 1, 2017**.

    **c.**    **Supplementation of Disclosures and Responses:**  The parties agree that the Plaintiff will supplement under Rule 26(e) at the following times:

    *As required by the Federal Rules of Civil Procedure.*

    **d.**    **Completion of Discovery:**  The Plaintiff will begin discovery in time for all fact discovery to be completed on or before **April 1, 2017**.  Depositions of expert witnesses, if any, will take place after this date and will conclude on or before **August 4, 2017**.

    **4.**    **Discovery Plan (Defendant):** The parties jointly propose the following discovery plan for the Defendant:

    **a.**    **Planned Discovery:** A description of each discovery effort the Defendant plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the Defendant will pursue the discovery.

    **(1)**    **Requests for Admission:** *Defendant may serve Requests for Admission on Plaintiff within the discovery period in accordance with the Federal Rules of Civil Procedure.*

Number of Requests for Admission:  In paragraph 6 of this order, a party may seek — in accord with Rule 26(b)(2) — to limit the number of the Defendant's requests for admission.

    **(2)**    **Written Interrogatories:** *Defendant may serve Interrogatories on Plaintiff within the discovery period in accordance with the Federal Rules of Civil Procedure.*

Number of Interrogatories:  Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts."  In paragraph 6 of this order the Defendant may request leave to exceed this limit.

    **(3)**    **Request for Production or Inspection:** *Defendant may serve Requests for Production on Plaintiff within the discovery period in accordance with the Federal Rules of Civil Procedure.*

> **(4)** **Oral Deposition:** *Defendant will take the Plaintiff's deposition and may take other depositions of fact and expert witnesses within the discovery period in accordance with the Federal Rules of Civil Procedure.*

Number of Depositions:  Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  In paragraph 6 of this order the Defendant may request leave to exceed this limit.

Time Permitted for Each Deposition:  Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.

The parties request an order extending the duration of the following depositions:

*No depositions in excess of seven hours are anticipated.*

**b.** **Disclosure of Expert Testimony:**  Under Rule 26(a)(2)(C), the parties stipulate that the Defendant's Rule 26(a)(2) disclosure is due on or before **June 30, 2017**.

**c.** **Supplementation of Disclosure and Response:** The parties agree that the Defendant will supplement under Rule 26(e) at the following times:

*As required by the Federal Rules of Civil Procedure.*

**d.** **Completion of Discovery:**  The Defendant will begin discovery in time for all fact discovery to be completed on or before **April 1, 2017**.  Depositions of expert witnesses, if any, will take place after this date and will conclude on or before **August 4, 2017**.

**5.** **Joint Discovery Plan:**  The parties agree to the following discovery practices (*e.g.*, method of handling confidential information, method for asserting or preserving a privilege or an objection, arrangement for discovery in phases or only on particular issues):

*As required by the Federal Rules of Civil Procedure.*

**6.** **Disagreement or Unresolved Issues Concerning Discovery Matters:**  No disagreement or unresolved issue excuses the timely establishment of a deadline for completion of discovery.  The following discovery issues remain:

*None at this time*.

**7.** **Third Party Claims, Joinder of Party, Potentially Dispositive Motions:** The parties agree that they must move by **March 1, 2017** for leave to file a third-party claim or for leave to join a party. See Local Rule 4.03. The parties agree that any dispositive motion is due on or before **September 1, 2017**.

**8.** **Settlement and Alternative Dispute Resolution:** Under Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement of their intent regarding alternative dispute resolution:

The parties agree that settlement is (check one):

____ likely
✓ unlikely.

Concerning binding arbitration under Local Rules 8.02(a)(3) and 8.05(b), the parties

____ consent.
✓ fail to consent.

If the parties fail to consent to binding arbitration, future consent is (check one)

____ likely.
✓ unlikely.

If the parties fail to consent to binding arbitration, an order will require mediation under Chapter Nine of the Local Rules.

**9.** **Consent to Magistrate Judge Jurisdiction:** Concerning consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial (*see* 28 U.S.C. § 636), the parties

____ consent.
✓ fail to consent.

If the parties fail to consent, future consent is (check one)

____ likely.
✓ unlikely.

**10.** **Final Pretrial Conference and Trial:** The parties will prepare for a final pretrial conference, which will occur on or after **October 3, 2017**, and for trial, which will occur on or after **November 3, 2017**. This trial is expected to last approximately **2 ½ to 5** days and is a

____ jury trial.
✓ bench trial.

**11.     Pretrial Disclosure and Final Pretrial Procedure:**  The parties acknowledge awareness of and compliance with the pretrial disclosure requirements in Rule 26(a)(3) and the final pretrial procedure requirements in Local Rule 3.06.

**12.     Other Items:** None.

Date: **September 13, 2016**

/s/ *Harold Bennett*
ANTHONY J. DEPALMA
Florida Bar No.: 16488
tonyd@disabilityrightsflorida.org
HAROLD BENNETT
Florida Bar No.: 0620297
haroldb@disabilityrightsflorida.org
MEGAN COLLINS
Florida Bar No.: 0119112
meganc@disabilityrightsflorida.org
Disability Rights Florida
2473 Care Drive, Suite 200
Tallahassee, Florida 32308
Tel: (850) 488-8640

Attorneys for Plaintiff

/s/ *Robert A. Burgoyne*
GREGORY A. HEARING
Florida Bar No.: 817790
ghearing@tsghlaw.com
BENJAMIN BARD
Florida Bar No.: 95514
Thompson, Sizemore, Gonzalez
& Hearing, P.A.
201 N. Franklin St., Suite 1600
Post Office Box 639 (33601)
Tampa, Florida 33602
Tel: (813) 273-0050
Fax: (813) 273-0072

ROBERT A. BURGOYNE
Appearing *Pro Hac Vice*
D.C. Bar No.: 366757
robert.burgoyne@nortonrosefulbright.com
Norton Rose Fulbright US LLP
799 9th Street, NW, Suite 1000
Washington, DC 20001-4501
Tel: (202) 662-4513
Fax: (202) 662-4643

Attorneys for Defendant