IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH A. BLACK,

        Plaintiff,

vs.                             CASE NO.: 8:16-cv-2117-T-23TGW

NATIONAL BOARD OF
MEDICAL EXAMINERS,

        Defendant.
_____/

## JOINT MOTION TO AMEND CASE MANAGEMENT AND SCHEDULING ORDER

Pursuant to Rules 7 & 16 of the Federal Rules of Civil Procedure and Middle District of Florida Local Rules 3.01, the Parties, by and through their undersigned counsel, jointly move this Court to amend the Case Management and Scheduling Order, ECF No. 17. In support hereof, the Parties state as follows:

1. This case involves an alleged violation of the Americans with Disabilities Act ("ADA") by an individual who requested extra testing time as a testing accommodation on a medical licensing exam that is administered by the Defendant. Plaintiff contends that she is entitled to her requested accommodation based upon a diagnosis of Attention Deficit

Hyperactivity Disorder (ADHD), combined presentation. Defendant contends that Plaintiff has not shown that she is disabled within the meaning of the ADA and that she is therefore not entitled to testing accommodations. The extent to which Plaintiff's diagnosed condition affects her major life activities, and thus the extent to which, or even whether, she should be granted accommodations on Defendant's United States Medical Licensing Examination (USMLE) Step 1 standardized examination, are major points of disagreement between the parties in this case.

2. Both parties, to this point, have conducted diligent discovery efforts relevant to these points of disagreement by, among other actions, exchanging initial disclosures, cooperating with one another to facilitate the production of Plaintiff's medical records, requesting and subpoenaing from third parties the medical records of Plaintiff, requesting the records of Defendant that deal with their review processes, exchanging requests for admissions, and propounding interrogatories. Obtaining records from third-parties may take more time than party discovery. Moreover, the parties have begun discussing the scheduling of needed depositions.

3. The parties anticipate deposing the medical professionals who have reviewed Plaintiff in the past, of which the bulk are located in Florida

with one who is located in Pennsylvania. Additionally, Plaintiff wishes to depose the staff employed by Defendant, located in Pennsylvania, as well as an external reviewer who is located in Massachusetts.

4. Due to the number of depositions that need to be conducted, which can only be conducted following a full exchange of relevant records that has been diligently commenced, and due to the travel that will need to be conducted to depose individuals in different states (Florida, Pennsylvania, and perhaps Massachusetts), the parties respectfully request this Court extend the discovery and dispositive motion deadlines to allow additional time to schedule and conduct these depositions, as well as any other additional discovery actions that may be necessary.

5. Pursuant to the parties' Case Management Report, ECF No. 16, and the Court's Case Management and Scheduling Order, ECF No. 17, the following deadlines are in effect:

   | | |
   |---|---|
   | Discovery Deadline: | **April 1, 2017** |
   | Dispositive Motion Deadline: | **May 1, 2017** |

6. The Parties respectfully request that these deadlines be extended to the following dates:

   | | |
   |---|---|
   | Discovery Deadline: | **June 1, 2017** |
   | Dispositive Motion Deadline: | **July 1, 2017** |

7. No other changes are to the current schedule are being requested in this motion. If a trial is necessary, the case will remain scheduled for the September 2017 trial term in accordance with the Court's original scheduling Order (ECF No. 17).

8. Fed. R. Civ. P. 16(b)(4) allows for the Court to modify the schedule if good cause is shown by the parties. The parties submit that the relief sought herein is not for the purpose of delay and that good cause has been shown.

**WHEREFORE,** the parties jointly and respectfully request this Court to amend the current schedule to extend the deadlines as set forth herein.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

The Parties' request falls within the auspices of Fed. R. Civ. P. 16(b)(4), which provides the Court with discretion to alter the schedule for good cause. Extension of all deadlines will permit the parties to appropriately complete discovery and to submit dispositive motions in an appropriate and timely manner following the conclusion of discovery. The Parties have conducted discovery in a diligent manner and request this extension simply to provide adequate time to obtain documents from third-parties before depositions are conducted, and to ensure discovery is thorough.

Respectfully submitted,

*[signature]*

Curtis Filaroski, Esq.
Disability Rights Florida
Counsel for Plaintiff
Florida Bar Number 0111972
2473 Care Drive, Suite 200
Tallahassee, FL  32308
Telephone: (850) 488-9071, ext. 9717
Facsimile: (850) 488-8640
curtisf@disabilityrightsflorida.org

*/s/ Gregory A. Hearing*
GREGORY A. HEARING, ESQ.
Counsel for Defendant
Florida Bar No.:  817790
ghearing@tsghlaw.com
Thompson, Sizemore, Gonzalez & Hearing, P.A.
201 N. Franklin St., Suite 1600
Post Office Box 639 (33601)
Tampa, Florida  33602
Tel:   (813) 273-0050
Fax:  (813) 273-0072

*/s/ Robert A. Burgoyne*
ROBERT A. BURGOYNE, ESQ.
Counsel for Defendant
Appearing *Pro Hac Vice*
D.C. Bar No.: 366757
robert.burgoyne@nortonrosefulbright.com
Norton Rose Fulbright US LLP
799 9th Street, NW, Suite 1000
Washington, DC  20001-4501
Tel:  (202) 662-4513
Fax:  (202) 662-4643

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed electronically with the court using CM/ECF on February 24, 2017.

Curtis Filaroski