**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| ELIZABETH A. BLACK,         ) | |
|              ) | |
|        Plaintiff,    ) | |
|              ) | |
| vs.                  ) | CASE NO.: 8:16-cv-02117-SDM-TGW |
|              ) | |
| NATIONAL BOARD OF    ) | |
| MEDICAL EXAMINERS,    ) | |
|              ) | |
|        Defendant.    ) | |

**STIPULATION REGARDING THE ALLEGED IMPAIRMENT THAT IS THE**
**BASIS OF PLAINTIFF'S CLAIM IN THIS LAWSUIT**

Plaintiff Elizabeth A. Black and defendant National Board of Medical Examiners, by and through their undersigned counsel, hereby enter into the following stipulation in order to prevent unnecessary discovery and otherwise promote the efficient resolution of this dispute:

## RECITATIONS

1.      The complaint filed by Ms. Black in this case asserts a single claim under Title III of the Americans with Disabilities Act, as amended (the "ADA").

2.      Ms. Black's ADA claim is based upon her allegation that she is entitled to testing accommodations on the USMLE Step 1 exam because she has been "diagnosed with attention deficit hyperactivity disorder (ADHD), combined presentation...." *See* Plaintiff's Initial Complaint at ¶ 7.

- 1 -

3.     Ms. Black does not assert in her complaint that she is or was entitled to receive testing accommodations from NBME on the USMLE Step 1 exam by virtue of having convergence insufficiency or any other visual impairment.

4.     Notwithstanding the above, Ms. Black has asserted in an interrogatory response that she believes that she suffers from two impairments that entitle her to testing accommodations on the Step 1 exam: (a) DSM-5: 314.01, Attention Deficit Hyperactivity Disorder with Combined Presentation; and (b) Convergence Insufficiency. *See* Plaintiff's Response to Defendant NBME's First Set of Interrogatories, Response No. 1; *see also id.* at Responses No. 2-4 (also referring to Ms. Black's alleged convergence insufficiency).

5.     Because of the arguable inconsistency between the allegations in her interrogatory responses and the allegations in her complaint, and the parties' desire to avoid confusion regarding the impairment that is the basis for Ms. Black's ADA claim against NBME, the parties are entering into the following stipulations:

### STIPULATIONS

6.     Ms. Black hereby stipulates that ADHD is the only impairment that Ms. Black is relying upon or intends to rely upon in this lawsuit in support of her claim that NBME violated the ADA by denying her request for testing accommodations on the USMLE Step 1 exam. She will not assert, claim or otherwise argue in this lawsuit that she is or was entitled to any testing accommodation on the USMLE Step 1 exam by virtue of any impairment other than ADHD.

7.     In particular, Ms. Black hereby stipulates that she will not assert, claim or otherwise argue in this lawsuit that she is or was entitled to testing accommodations on the

USMLE Step 1 exam by virtue of convergence insufficiency or any other visual impairment, or by virtue of any other physical or mental impairment other than ADHD.

8.      Based upon the foregoing, both parties hereby stipulate that, in the event a trial is held in this case, they will not offer any expert whose testimony would address whether Ms. Black has a visual impairment, the nature of any such impairment or whether any such impairment results in a substantial limitation in any of Ms. Black's major life activities.  The parties further stipulate that they will not seek documents from, or seek to depose, either of the following individuals or any other vision-related professionals:  (a) Dr. Erich Breunig, or (2) Dr. David Damari.

9.      Both parties agree and acknowledge that the stipulations set forth in this Stipulation shall be enforceable by the Court.

**SO AGREED AND STIPULATED effective as of March 20, 2017:**

CURTIS FILAROSKI
ANTHONY DEPALMA
MEGAN COLLINS
Disability Rights Florida
2473 Care Drive, Suite 200
Tallahassee, FL  32308

Attorneys for Ms. Black

GREGORY A. HEARING
Thompson, Sizemore, Gonzalez & Hearing, P.A.
201 N. Franklin Street, Suite 1600
Post Office Box 639 (33601)
Tampa, Florida  33602

ROBERT A. BURGOYNE
Norton Rose Fulbright US LLP
799 9th Street, NW, Suite 1000
Washington, DC 20001-4501

Attorneys for NBME