# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

|  |  |  |
|---|---|---|
| **ELIZABETH A. BLACK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 8:16-CV-2117-T-23TGW** |
| | ) | |
| **NATIONAL BOARD OF** | ) | |
| **MEDICAL EXAMINERS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS' FIRST SET OF REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Elizabeth A. Black responds to Defendant National Board of Medical Examiners' ("NBME") request that Plaintiff admit to the truth of the following facts:

1.   The fact that an individual has been diagnosed with an impairment does not automatically mean that the individual needs additional testing time when taking a standardized examination.

**Response:** Objection. Plaintiff lacks personal knowledge as to the veracity of this claim and this statement calls for a legal conclusion.

27885441.1

2.     The fact that an individual has ADHD does not automatically mean that the individual needs additional testing time when taking a standardized examination.

**Response**: Objection. Plaintiff lacks personal knowledge as to the veracity of this claim and this statement calls for a legal conclusion.

3.     It is reasonable for NBME to require supporting documentation from individuals who request extra testing time on a USMLE examination.

**Response**: Objection. This statement calls for a legal conclusion.

4.     It is reasonable for testing organizations to require that the documentation provided by an individual in support of a request for extra testing time on a standardized exam demonstrate (a) the nature and extent of the individual's impairment, and (b) how that impairment affects the individual's ability to take a standardized examination under standard conditions, including standard time conditions.

**Response**: Objection. This statement calls for a legal conclusion.

5.     Plaintiff progressed through elementary school, middle school, and high school without repeating any grade.

**Response**: Admit.

6.      Plaintiff did not have a Section 504 plan, an Individualized Education Plan (IEP), or any similar plan or program in place for her at any time during her pre-college education.

**Response:** Admit.

7.      At no point in kindergarten, elementary school, middle school, high school, at Princeton University or at the University of Pennsylvania was plaintiff evaluated for or diagnosed as having any reading, learning or attention-related impairment or disability.

**Response:** Admit.

8.      Plaintiff did not receive any Accommodations on any classroom tests that she took during elementary school, middle school, high school, or college (Princeton University).

**Response:** Deny.

9.      Plaintiff did not receive any Accommodations on any standardized tests that she took during elementary school, middle school, high school, or college (Princeton University).

**Response:** Admit.

10.     Plaintiff did not receive any Accommodations on any tests that were administered in the course(s) that she took at the University of Pennsylvania.

**Response:** Admit.

11.    Plaintiff took one or more standardized test(s) for purposes of applying to college and she did not request Accommodations on any such test (*i.e.*, the SAT and/or ACT exams).

**Response:** Admit.

12.    Plaintiff took one or more standardized test(s) for purposes of receiving credit or advanced placement in college and she did not request Accommodations on any such test (*e.g.*, College Board achievement tests).

**Response:** Admit.

13.    Plaintiff did not request or receive any Accommodations when she took the Medical College Admission, or "MCAT."

**Response:** Admit.

14.    Plaintiff did not receive any Accommodations from any educational institution that she attended prior to medical school.

**Response:** Deny.

15.    Plaintiff was not diagnosed with an Attention Deficit/Hyperactivity Disorder by any qualified professional prior to 2009.

**Response:** Admit.

16.    Plaintiff has never received Accommodations in any paid or unpaid employment or internship context.

**Response:** Admit.

17.    Plaintiff's claimed impairment(s) will not affect her ability to practice medicine.

**Response**: Objection. Plaintiff lacks personal knowledge as to the veracity of this claim. Plaintiff will be able to practice medicine without receiving any Accommodations.

Respectfully submitted, this 6th day of March, 2017

Curtis Filaroski, Esq.
Disability Rights Florida
Counsel for Petitioner
Florida Bar Number 0111972
2473 Care Drive, Suite 200
Tallahassee, FL  32308
Telephone: (850) 488-9071, ext. 9717
Facsimile: (850) 488-8640
curtisf@disabilityrightsflorida.org

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was provided via email to the following individuals on March 6, 2017:

GREGORY A. HEARING
Florida Bar No.: 817790
ghearing@tsghlaw.com
Thompson, Sizemore, Gonzalez & Hearing, P.A.
201 N. Franklin St., Suite 1600
Post Office Box 639 (33601)
Tampa, Florida 33602
Tel: (813) 273-0050
Fax: (813) 273-0072

ROBERT A. BURGOYNE
Appearing *Pro Hac Vice*
D.C. Bar No.: 366757
robert.burgoyne@nortonrosefulbright.com
Norton Rose Fulbright US LLP
799 9th Street, NW, Suite 1000
Washington, DC 20001-4501
Tel: (202) 662-4513
Fax: (202) 662-4643

Curtis Filaroski, Esq.
Disability Rights Florida
Counsel for Petitioner
Florida Bar Number 0111972
2473 Care Drive, Suite 200
Tallahassee, FL 32308

27885441.1                                    - 6 -

Telephone: (850) 488-9071, ext. 9717
Facsimile: (850) 488-8640

curtisf@disabilityrightsflorida.org