

UNIVERSITY OF
SOUTH FLORIDA

August 19, 2015

Elizabeth A. Black
2016 W. Kennedy Blvd., Apt. #2
Tampa, FL 33606

Dear Ms. Black;

Per your request dated 8/10/15, this letter will confirm that you were seen at the USF Counseling Center for both counseling and psychiatric services on 83 office visits between September 6, 2011 and August 8, 2014 for anxiety related concerns and attentional and academic concerns.

*Please note: This letter should not be construed to imply or indicate that the USF Counseling Center is recommending any academic or other accommodations be made for you in any student or other life role.*

Very truly yours,

Robert N. Rodgers, Ph.D.
Licensed Psychologist
Associate Director

Original: to Student
C: File



THE COUNSELING CENTER
University of South Florida • 4202 E. Fowler Ave., SVC 2124 • Tampa, FL 33620
(813) 974-2831 • FAX (813) 974-5089 • http://www.usf.edu/counsel

CONFIDENTIAL

NBME 00122

August 20, 2015

Catherine Farmer, Psy.D.
Director, Disability Services
ADA Compliance Officer, Testing Programs

Dear Dr. Farmer,

I am writing in full support of Elizabeth Black receiving the testing accommodations she is requesting for the USMLE. As one of Elizabeth's former educators at Wissahickon High School in Ambler, PA, I had the experience of teaching and coaching Lizzie before her diagnosis of Attention Deficient Hyperactivity Disorder, Combined Presentation. This diagnosis helps to explain specific traits I noticed during her time in my classroom.

Elizabeth was a student in my ninth grade honors English course, which was an academically challenging class with an emphasis on independent reading and intensive writing. Elizabeth was a very bright student, but there were times when she would lose focus and have to be redirected back to the activity or discussion at hand. She was also a student who always seemed to be moving: tapping her pen, shaking her leg; there seemed to be a real inability for her to sit still. It was something that was not a major distraction for others in the classroom, but it was something that disrupted Lizzie. It is my professional opinion that Elizabeth's intelligence allowed her to compensate for her undiagnosed disability. The drawback is that it would often take Lizzie longer to complete routine tasks because her work ethic would not allow her to compromise her grades.

I also coached Elizabeth on Wissahickon High School's girls' basketball team. Lizzie was a tremendous athlete and she competed at a very high level. She was often anxious about understanding plays and grasping different basketball situations. A perfectionist, she was always striving to do her best. There were times when she struggled with concentrating—she was focused and seemed to understand what was being demonstrated, but when I asked her to show what we had just done, we often had to walk through it together before she truly "got it".

Professionally, I have moved on from Wissahickon High School and am now employed in the Education and Counseling Department at Villanova University. I am thoroughly familiar with the academic demands of higher education and the work ethic necessary to achieve success at this level. I strongly support the decision to provide Elizabeth Black with the testing accommodations she has requested. As someone who was acquainted with Lizzie's academic performance, I can attest that she is a hard worker, even if that means spending more time completing her necessary tasks. I urge you to take that into consideration when making your decision. Thank you for your time.

Best regards,

*Jennifer Carangi*
Jennifer Carangi
Field Placement Coordinator
Villanova University, SAC 302
Dept. of Education & Counseling
Villanova, PA 19085
610-519-8038

CONFIDENTIAL

NBME 00118



August 16, 2015

To whom it may concern:

I am writing on behalf of Elizabeth Black for her appeal to the NBME to allow testing accommodations for diagnosis of Attention-Deficit/Hyperactivity Disorder (ADHD). I met Elizabeth on my first day of college as we were freshman year roommates at Princeton University. Since then, I have become a pediatrician and feel that my observations of Elizabeth and my clinical judgment as a pediatrician may be helpful to the NBME in allowing for appropriate testing accommodations for Elizabeth.

I have known Elizabeth for fourteen years, and she has shown signs and symptoms of ADHD in both social and academic settings since the day I met her. Elizabeth and I studied together for nearly all of college as we were both taking pre-med courses and were both majoring in History and minoring in Latin American Studies at Princeton University together. We also both completed post-baccalaureate classes at the University of Pennsylvania together. In my countless hours of studying with Elizabeth, she showed difficulty with keeping focus on her work, frequently requiring that I prompt her to turn her attention back to her studying while she looked around the room. She was impulsive, often needing to stand up and walk away much sooner than anyone else in the room who was also studying. I sometimes would actually set timers before which we agreed she was not allowed to interrupt my studying, as it was so difficult for her to not burst out with whatever thought she had at the time. She was able to succeed through college and post-baccalaureate classes through study groups and being an incredibly intelligent woman. Additionally, I can say from personal experience that the examinations for the classes we took together were not time-dependent. The examinations were scheduled for a three hour period, but most test-takers finished the exam in 90 minutes, leaving additional time for those who, like Elizabeth, needed extra time.

Outside of the classroom and studying, Elizabeth also shows strong signs of ADHD. She is an engaging, fun, and charismatic person who is always "on-the-go," easily distracted, and is forgetful. She frequently interrupts others during conversation, having difficulty waiting for a gap in conversation during which she can change the subject. She is very talkative, sometimes continuing on a line of thought and conversation without allowing others to respond or participate. She frequently forgets to introduce people who do not know each other, as it slips her mind that this is an issue.

As a pediatrician, I now understand much more clearly the diagnosis and presentation of ADHD, and I can see that she has, at the very least, had the signs and symptoms of ADHD since I met her at age 18. As many very intelligent people do, she has compensated for her disability through studying longer, having the support of family and friends, and taking courses for which examinations were not dependent on time. She now has struggled to pass the NBME testing of USMLE Step 1 not because of a lack of medical knowledge, but instead because of difficulty with completing sections of the test within the time constraints. I urge you to provide her with the appropriate testing accommodations that all patients with ADHD deserve. I am absolutely sure that Elizabeth will make one of the best physicians I know, and I hope you support her in that journey.

Sincerely,

Lauren M. Hittson, M.D.





UNIVERSITY OF
SOUTH FLORIDA

To:     USMLE Accommodations Review

From:   Deborah McCarthy, Director, Students with Disabilities Services USF Tampa

Re:     Elizabeth Black, Applicant 529-31375

Date:   August 12, 2015

This memo is in response to the USMLE decision to deny appropriate exam accommodations to Ms. Elizabeth Black, USMLE ID 529-31375. The denial letter is dated March 2, 2015 and states that Ms. Black is not eligible for exam accommodations because her documented impairments do not "limit a major life activity."

The student in question registered with Students with Disabilities Services at the University of South Florida in March of 2013. At that time, the student met the USF standards for disability documentation. (See: http://www.usf.edu/student-affairs/student-disabilities-services/clinicians/forms.aspx). The student received and has utilized time and ½ and reduced distraction testing throughout her medical school career at USF. Thus, Ms. Black has an established history of utilizing accommodations verified by appropriate medical and educational professionals.

I have witnessed the impact of Ms. Black's disability upon her USF education. Many of her peers prepare for the USMLE while attending classes and/or participating in medical school rotations. Due to her disability, Ms. Black requested and received extended leaves of absence in order to manage her disability and prepare for the USMLE. Ms. Black routinely invests significantly more time and resources in her academic tasks than her non-disabled peers.

To deny a student's request for exam accommodations based on what the student did/did not utilize prior to medical school is disrespectful to the experience of a talented individual with a legitimate disability. It is my belief that USMLE's denial of Ms. Blacks' accommodation request constitutes a violation of her legal rights as set forth in the ADA and the ADAA. To this end, I and other USF officials have encouraged Ms. Black to obtain the services of an attorney and to avail herself of all means of redress including referral to appropriate state and federal disability rights organizations including the federal Office of Civil Rights.

The recent Department of Justice decision pertaining to the discriminatory practices in the administration of LSAT accommodations (*DFEH, et al. v. LSAC, Inc.* (Civil Action 3:12-cv-01830-EMC), stands out as proof that standardized exam agents are under great scrutiny and will be held to a higher standard of accessibility.

I urge USMLE to reconsider Ms. Black's reasonable request for accommodations. I can be contacted at dmccarthy@usf.edu or 813-974-8135.

STUDENTS WITH DISABILITIES SERVICES
University of South Florida • SVC1133 • Tampa, FL 33620
Office (813) 974-4309 • Fax (813) 974-7337 • TTY (813) 974-5651 • http://www.sds.usf.edu





1083075        5-293-137-5
O'Callaghan, P  11/25/14-L

November 25, 2014

Dr. Catherine Farmer
Director of Disability Services
National Board of Medical Examiners
3750 Market Street
Philadelphia, Pennsylvania 19104-3102

Dear Dr. Farmer,

I write you in full support of **Elizabeth Black**, DOB ▮▮▮▮▮, a second year medical student at the University of South Florida Morsani College of Medicine (USF COM), who is requesting testing accommodations for USMLE Step 1. In order to graduate from USF COM, our students must pass Step 1 and 2 of the USMLE. Ms. Black is requesting special testing accommodations due to the clinically diagnosed disability, Attention Deficit Hyperactivity Disorder, Combined Presentation.

Ms. Black's disability impacts her everyday functioning by significantly extending the duration under which she can perform the major life activities of learning, memory and concentrating. Ms. Black is easily distracted and has difficulties controlling impulsive responses. Her inability to block out distractions interferes with her ability to concentrate, especially while reading. She also experiences difficulties organizing and completing tasks. Therefore, the specific accommodations of 50% additional test time over two days, in a quiet room, are needed to mediate Ms. Black's functional capacity. These accommodations will provide the necessary time to re-read passages, re-focus due to internal or external distractions and take breaks from the testing environment, resulting in a more accurate assessment of her knowledge and thinking abilities.

While enrolled in medical school, Ms. Black has received special testing accommodations which include: 1) testing in an environment free of distractions (i.e., written examinations isolated from others students), and 2) time and one-half testing time on formal written examinations.

This letter is to request that Ms. Black receive these special testing accommodations while sitting for her board examinations. It is my belief that if provided this much needed accommodation, she will be successful in passing these examination requirements. Should you require further information, please contact me at 813-974-5815. Thank you in advance for your cooperation and consideration.

Sincerely,

*[signature]*

Pamela O'Callaghan, PhD
Director, Academic Support Center
Assistant Professor, Department of Family Medicine
pocallag@health.usf.edu

RECEIVED
NOV ▮ ▮
Disability Services