View Results <span style="float:right">Page 1 of 1</span>

# VIEW RESULTS


Consultant Review

| ID | Date Assigned | Due Date | Status | Exam Name | Applicant Name | Documents | Contact |
|---|---|---|---|---|---|---|---|
| 7984 | 12/23/2014 | 12/31/2014 | Completed | Step 1 | Black, Elizabeth Ann | View Docs | Contact |

## Results submitted on December 29, 2014

**Consultant Information:**

Consultant: Kevin R. Murphy, PhD
Due Date: 12/31/2014
Case Review Hours: 2
Conference Hours: 0

**Examinee Information for USMLE Step 1:**

Examinee: Black, Elizabeth Ann
USMLE ID#: 52931375

**Comments:**

[blank comment box]

**List of Attached Documents:**

- black_elizabeth_nbme_step_1_2014_1229.docx



EXHIBIT
Murphy-9
PB 5/11/17

December 29, 2014

Catherine Farmer, Psy.D.
Manager, Disability Services and ADA Compliance Officer, Testing Programs
National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104

RE: Application of Elizabeth Black for Step 1 exam accommodations (ID # 7984)

Dear Dr. Farmer:

Thank you for forwarding the material on Ms Black for review. She is requesting the accommodation of extended time (time and one-half over 2 days) based on a diagnosis of Attention Deficit Hyperactivity Disorder, Combined Type.

In my opinion, the documentation provided does not adequately substantiate an ADHD diagnosis or the existence of a disability and is therefore insufficient to warrant granting her requested accommodation. My reasons for this opinion are as follows:

1. ADHD is a developmental disability with a *childhood* onset that typically results in a chronic and pervasive pattern of functional impairment in academic, social, and vocational arenas, and also in daily adaptive functioning. Ms Black's documentation and overall history does not reflect or substantiate a magnitude of developmentally deviant symptoms or pervasive impairment that is consistent with ADHD in my opinion. For example, despite her self-reported ADHD-like symptoms, she seemed to always do well in school, did not appear to have any history of behavioral/self control problems, has "always been high functioning", did well enough in high school to gain admission to Princeton University, successfully graduated from Princeton earning mostly A's and B's, performed well in her Post Baccalaureate program at UPenn, scored a 29 (75th percentile) on her MCAT's and gained admission to medical school. Moreover, she accomplished all of this without the benefit of any accommodations. She has also performed satisfactorily in medical school in that her transcript indicates she has passed all of her courses. This is not the typical profile of someone struggling with ADHD at the magnitude of a clinical diagnosis or a disability.

2. Further, Ms Black provided no hard evidence that actually *showed* a pattern of developmentally deviant historical ADHD-like impairment in school, work, social, or daily adaptive domains. More specifically, she provided no firsthand report cards or teacher comments from elementary, middle school, or high school to show a pattern of developmentally deviant ADHD-like symptoms or impairment and no job performance reviews to establish any vocational impairment. She reported that she had a lifetime of difficulty with concentration and staying focused, always took longer than her peers to complete her work, was impulsive and easily distracted, fidgeted,

2

blurted out and interrupted, had to re-read material several times for understanding, and was forgetful. However, she provided no documentation or firsthand records to validate any of this. Where is the paper trail of firsthand records that reflect a true struggle with ADHD over the course of her life? Merely proclaiming to have experienced ADHD-like symptoms without *documented* impairment is not sufficient to substantiate a diagnosis. Overall, her documentation fails to adequately substantiate the pervasive developmentally deviant impairment over time and across situations that typically characterizes ADHD.

3. Similarly, it is necessary to establish an early onset of symptoms/impairment in childhood to receive the ADHD diagnosis as an adult. Again, no firsthand data was provided to illuminate or substantiate evidence of clinically significant academic or behavioral impairment in childhood. Since no hard data was provided to establish any early functional impairment of a magnitude that would support her having a developmental disability, it is not clear that she would have met criteria for ADHD as a child.

4. The ADHD diagnosis was not adequately substantiated by Dr. Margaret Booth Jones in my opinion. Her ADHD diagnosis was based mostly on self report, symptom endorsements on a self administered ADHD rating scale (CAARS), and test scores that are not diagnostic of ADHD. This is not sufficient. Further, almost all of her test scores were within the average range or better suggesting no neurological dysfunction. Continuous Performance Tests (such as the Conners CPT) have not been shown to be particularly useful in either confirming or disconfirming an ADHD diagnosis due to their high false positive and false negative rates. Symptom endorsements on self administered ADHD rating scales are not by themselves diagnostic of ADHD – especially in the absence of any documented or credible real world functional impairment. A Processing Speed Index score of 108 (high end of the average range) is not deficient, is not indicative of slow cognitive processing speed, is not diagnostic of ADHD, and is not evidence of impaired functioning. Average scores or relative weaknesses that still fall within the average range in the context of an overall Superior IQ are not evidence of impaired functioning. Dr. Booth Jones also did not adequately establish a childhood onset of developmentally deviant problems beyond self report, did not adequately explain how Ms Black performed so well academically and behaviorally for so long if she was struggling with ADHD, did not solicit or inspect any job performance reviews to show any vocational impairment arising from her ADHD symptoms, and did not obtain any narrative data from other collateral informants who knew Ms Black well (such as parents, teachers, professors, tutors, supervisors, therapist she saw in 2009, etc.). Ms Black also indicated she was first diagnosed with ADHD in 2009 by a Dr. Scott Fletcher but provided no documentation of this so we have no way of knowing on what basis the ADHD diagnosis was given or what assessment measures were used. In short, without a documented history of developmentally deviant real world functional impairment and concurrent validation from other original sources, the documentation presented here is not sufficient to substantiate that she has ADHD or a disabling condition. The fact that she was prescribed medication (Vyvanse and Adderall) in no way substantiates an ADHD diagnosis.

5. In summary, Ms Black's documentation fails to build a credible case for the existence of ADHD and fails to illuminate the early appearing and chronic pattern of real world functional impairment arising from it. Her documentation also fails to adequately show that she has a disability within the meaning of the ADA. To qualify for a disability under the American's with Disabilities Act, one must have a physical or mental impairment that substantially limits one or more major life activities. Further, that individual must suffer substantial impairment relative to the average person in the general population. She has not shown that she is substantially limited in any major life activity relative to the average person, in my opinion. The purpose of accommodations

3

is not to optimize test performance or facilitate a positive outcome. Because there is insufficient evidence and history to support an ADHD diagnosis or a disability, I do not believe that granting her requested accommodation is warranted in this case. Finally, regardless of whether she has ADHD or not, her documentation does not show that she has an impairment that prevents her from having equal access to the Step 1 exam, in my opinion. The fact that she received accommodations in medical school is not a guarantee she will qualify for accommodations on the USMLE Step 1 exam.

Sincerely,

Kevin Murphy, Ph.D.

CONFIDENTIAL

NBME 00213