Atkinson-Baker Court Reporters
www.depo.com

```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
-----------------------------------x
ELIZABETH A. BLACK,                :
                                   :
          Plaintiff                :
     vs.                           :
                                   :No.
                                   :8:16-cv-02117-T-23TGW
NATIONAL BOARD OF MEDICAL          :
EXAMINERS,                         :
          Defendants               :
                                   :
                                   :
                                   :
-----------------------------------x
```

**CERTIFIED COPY**

DEPOSITION OF

DR. CATHERINE FARMER

PHILADELPHIA, PENNSYLVANIA

May 10, 2017


ATKINSON-BAKER, INC.
COURT REPORTERS
(800) 288-3376
www.depo.com

REPORTED BY:  PATRICIA BROWN

FILE NO.  AB03C77

Atkinson-Baker Court Reporters
www.depo.com

```
 1              UNITED STATES DISTRICT COURT
 2                MIDDLE DISTRICT OF FLORIDA
 3                      TAMPA DIVISION
 4                                        :
     ELIZABETH A. BLACK,                  :
 5                                        :
                Plaintiff                 :
 6                                        :
           vs.                            :No.
 7                                        :8:16-cv-02117-T-23TGW
                                          :
 8   NATIONAL BOARD OF MEDICAL            :
     EXAMINERS,                           :
 9                                        :
                Defendants                :
10                                        :
     -------------------------------------x
11
12
13
14
15
16
17
18   Deposition of Dr. Catherine Farmer, taken on behalf
19   of Defendants, at 3750 Market Street, Philadelphia,
20      Pennsylvania 19104 commencing at 8:14 a.m.
21     Wednesday, May 10, 2017, before Patricia Brown.
22
23
24
25
```

Atkinson-Baker Court Reporters
www.depo.com

```
 1              A-P-P-E-A-R-A-N-C-E-S

 2        FOR PLAINTIFF:
         LAW OFFICES OF DISABILITY RIGHTS FLORIDA
 3       BY:  MEGAN COLLINS, Esq.
         1930 Harrison Street
 4       Suite 104
         Hollywood, Florida 33020
 5       Phone #850-488-9071
         E-mail: MeganC@DisabilityRightsFlorida.org
 6
         LAW OFFICES OF DISABILITY RIGHTS FLORIDA
 7       BY:  CURTIS FILAROSKI, Esq.
         2473 Care Drive
 8       Suite 200
         Tallahassee, Florida 32308
 9       Phone #850-488-9071
         E-mail: CurtisF@DisabilityRightsFlorida.org
10
         LAW OFFICES OF DISABILITY RIGHTS FLORIDA
11       BY: ANN MARIE CINTRON-SIEGEL, Esq.
         1930 Harrison Street
12       Suite 104
         Hollywood, Florida 33020
13       Phone# 850-488-9071
         E-mail: AnnS@DisabilityRightsFlorida.org
14
            FOR DEFENDANTS:
15        LAW OFFICES OF NORTON ROSE FULBRIGHT
          BY: ROBERT A. BURGOYNE, Esq.
16        799 9th Street, NW
          Suite 1000
17        Washington, DC 20001
          Phone# 1-202-662-4513
18        E-mail:robert.burgoyne@nortonrosefulbright.
          com
19
            ALSO PRESENT
20       NATIONAL BOARD OF MEDICAL EXAMINERS
         SUZANNE WILLIAMS, Esq.
21       3750 Market Street
         Philadelphia, Pennsylvania 19104
22       Phone# 215-590-9538
         E-mail: Swilliams@nbme.org
23

24

25
```

3

Dr. Catherine Farmer
May 10, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
                    I N D E X

WITNESSES:  DR. CATHERINE FARMER
    EXAMINATION                           PAGE
       By MS. COLLINS                       6
       By MR. FILAROSKI                    81

                  E X H I B I T S
```

| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| No. 1 | Dr. Booth Jones letter | 40 |
| No. 2 | Memo from Deb McCarthy | 46 |
| No. 3 | Test Accommodations | 53 |
| No. 4 | USF Health document | 67 |
| No. 5 | 12/16/16 Dr. Murphy letter | 94 |
| No. 6 | Disability Services Consultant Orientation and Training | 99 |
| No. 7 | Settlement agreement | 105 |
| No. 8 | Test Accommodations | 106 |
| No. 9 | Test Accommodations | 109 |
| No. 10 | 3-28-16 letter to Ms. Black | 112 |
| No. 11 | Test Accommodations | 118 |
| No. 12 | Policies & Procedures | 122 |
| No. 13 | Recent Trends 72-75 | 124 |
| No. 14 | Recent Trends 76-79 | 130 |
| No. 15 | Disability Services document | 132 |
| No. 16 | USMLE Step Exam | 136 |

1   No. 17 Best Practices Panel              142
2   No. 18 Decision sheet                    157
3   No. 19 Two apps for accommodations       159
4   No. 20 Step 1 score reports              165

```
9              INSTRUCTIONS NOT TO ANSWER:

10                      PAGELINE

11              - -                    - -

12

13              INFORMATION REQUESTED:

14                      (None)
```

Atkinson-Baker Court Reporters
www.depo.com

```
 1              PHILADELPHIA, PENNSYLVANIA,
 2         Wednesday, May 10, 2017,; 8:14 a.m.
 3                DR. CATHERINE FARMER,
 4         having first been duly sworn, was
 5         examined and testified as follows:
 6                        - - -
 7                     EXAMINATION
 8  BY MS. COLLINS:
 9  Q.    Good morning, Dr. Farmer.  I'm Megan Collins.
10  I'm a staff attorney with Disability Rights Florida.
11  A.    Good morning.
12  Q.    Could you state your full name for the court
13  reporter.
14  A.    Catherine Farmer.
15  Q.    Have you ever been deposed before?
16  A.    Yes.
17  Q.    So, about how many times have you been asked
18  to give a deposition?
19  A.    Three maybe four.
20  Q.    As a reminder for this deposition, I'm going
21  to be asking questions and the court reporter will
22  be transcribing.  So if you could answer with
23  complete sentences or a yes or a no, if that's the
24  answer.  Then it will be easier for her to
25  transcribe than something like a nod or a uh-huh --
```

Atkinson-Baker Court Reporters
www.depo.com

```
 1   provided to the outside consultants?
 2              MR. BURGOYNE:  Do you mean by NBME?
 3              MS. COLLINS:  Yes.
 4              THE WITNESS:  Yes, we have training
 5        for the consultants.
 6   BY MS. COLLINS:
 7   Q.    I'm sorry.
 8   A.    Yes, we do.  The National Board does training
 9   for the consultants.
10   Q.    If applications that are going to be approved
11   aren't always sent to the expert consultants, are
12   applications that are going to be denied always sent
13   to them?
14   A.    The process for those are, we haven't made a
15   decision yet.  So when we send it out to a
16   consultant, but don't know whether it's going to be
17   approved or not.  There are some that are very
18   clearly going to be approved.  Those are the ones
19   who have been previously reviewed and approved.  And
20   so we don't have a preconceived notion when we send
21   it out to consultants what the outcome will be.
22   Q.    But applications are never denied without
23   being sent to an expert consultant?
24   A.    To the best of my recollection, yes.
25   Q.    Is Dr. Murphy one of the consultants who works
```

Dr. Catherine Farmer
May 10, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
1    for the NBME on ADHD cases?
2    A.    Kevin Murphy?
3    Q.    Yes?
4    A.    Yes, uh-huh.
5    Q.    And you aware of his qualifications?
6    A.    I vaguely can recall his qualifications.
7    Q.    Can you share the vague idea that you have.
8    A.    The vague idea, yes.
9              He does have a doctorate.  And he
10   has -- runs the ADHD Clinic in Massachusetts.  He
11   has a long history of both academic and clinical
12   work with an expertise in Attention Deficit
13   Disorder.  He's published in that area as well.
14   Q.    The other consultants who work with ADHD
15   requests, are they similarly qualified?
16   A.    In terms of having -- degrees, yes.  Again,
17   clinical experience, academic, in publishing for the
18   most part, yes.
19   Q.    Do you commonly rely on only one consultant in
20   review of files?
21   A.    It's very specific to the individual request
22   which and how many consultants I need it to review.
23   Q.    How do you determine how many consultants are
24   needed to review a file?
25   A.    It's based on the disabilities of the
```

Atkinson-Baker Court Reporters
www.depo.com

```
 1                  (Whereupon, the documents
 2                  were marked as Exhibit
 3                  No. 4 for identification.)
 4   BY MS. COLLINS:
 5   Q.    You mentioned the -- in the application
 6   receiving some diagnostic documentation as to how
 7   the ADHD diagnosis was reached.  You reviewed a
 8   psychological report?
 9   A.    I mentioned the psychological report, yes.
10   Q.    And you said the psychological report did not
11   support the request in your opinion?
12   A.    I don't know that that's what I said.  The
13   objective -- there was some objective information in
14   that psychological report.  I think I was referring
15   to examples of objective information.
16   Q.    So when you received that psychological
17   report, are you only utilizing it for the purpose of
18   obtaining objective information about the impact of
19   the disability?
20   A.    No.  We're reviewing everything that's in the
21   report.
22   Q.    What do you mean by reviewing everything?
23   A.    Well, we're not looking at it and just picking
24   out objective information.  We're reviewing the
25   entire report as it's written.
```

Dr. Catherine Farmer
May 10, 2017

| | |
|---|---|
| 1 | Q. What was your conclusion after you reviewed |
| 2 | the psychological report? |
| 3 | A. I believe my conclusion at that time was -- |
| 4 | the conclusion I was making was to whom -- which |
| 5 | consultant to send it to. The diagnostic |
| 6 | assignments or what's helpful on us determining |
| 7 | internally which consultants to refer it to. |
| 8 | Q. And after reviewing that report, you |
| 9 | determined that Dr. Kevin Murphy was the correct |
| 10 | consultant? |
| 11 | A. That report and the rest of the documentation, |
| 12 | yes. |
| 13 | Q. Did you reach any other conclusions about the |
| 14 | application prior to sending it to Dr. Murphy? |
| 15 | A. Not that I recall. |
| 16 | Q. So at the time that you sent the application |
| 17 | to him to review, your opinion was that you needed a |
| 18 | second opinion I guess on the application in order |
| 19 | to determine whether the accommodations were |
| 20 | warranted? |
| 21 | MR. BURGOYNE: Object. It's not |
| 22 | accurately stating the prior testimony. |
| 23 | You can answer. |
| 24 | THE WITNESS: So after reviewing that |
| 25 | psychological evaluation and all of the |

Atkinson-Baker Court Reporters
www.depo.com

```
 1   Q.    Okay.  I'm going to put this aside for just a
 2   second because I have another question with regards
 3   to DSM on pages I believe 65 through 69 we'll say.
 4              MR. FILAROSKI:  And this will be
 5   Exhibit No. 10.
 6              (Document handed to reporter.)
 7              (Whereupon, the documents
 8              were marked as Exhibit
 9              No. 10 for identification.)
10              (Document handed to witness.)
11   BY MR. FILAROSKI:
12   Q.    And are you familiar with these documents?
13   A.    Yes.
14   Q.    And what are they?
15   A.    These are letters addressed to Ms. Black dated
16   March 2, 2015 and March 28, 2016 from me.
17   Q.    Okay.  And they were informing Ms. Black that
18   her accommodations request had been denied, correct?
19   A.    Correct.
20   Q.    I just want to ask you just at this moment,
21   one, we'll come back to this.  But just on Page 66
22   in the fourth paragraph.  This is her letter from
23   2016.  It makes reference to the DSM 5 manual.  Is
24   that a -- does that mean that her diagnostic
25   criteria was reflective of the DSM 5 criteria?
```

```
 1                REPORTER'S CERTIFICATE

 2          I, PATRICIA BROWN, stenographic reporter,

 3    certify:  That the foregoing proceedings were taken

 4    before me at the time and place therein set forth,

 5    at which time the witness was put under oath by me;

 6          That the testimony of the witness, the

 7    questions propounded, and all objections and

 8    statements made at the time of the examination were

 9    recorded stenographically by me and were thereafter

10    transcribed;

11          That a review of the transcript by the

12    deponent was not requested.

13          That the foregoing is a true and correct

14    transcript of my shorthand notes so taken.

15          I further certify that I am not a relative or

16    employee of any attorney of the parties, nor

17    financially interested in the action.

18          I declare under penalty of perjury under the

19    laws of Pennsylvania that the foregoing is true and

20    correct.

21          Dated this 23rd day of May, 2017.

22

23    BY: _____

24                           Patricia Brown

25
```

174