IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ELIZABETH A. BLACK, <br><br> Plaintiff, <br><br> vs. <br><br> NATIONAL BOARD OF MEDICAL EXAMINERS, <br><br> Defendant. | CASE NO.: 8:16-cv-02117-SDM-TGW |

**DECLARATION OF CATHERINE FARMER, PSY.D.**

1.  My name is Catherine Farmer. I am over eighteen (18) years of age and, unless indicated otherwise, I have personal knowledge of the facts stated below.

2.  I am employed by the National Board of Medical Examiners (NBME) as Director of Disability Services. I am also the ADA Compliance Officer, Testing Programs. I hold a Doctor of Psychology degree.

3.  The NBME is a not-for-profit organization that provides assessment services for the health professions. Its mission is to help protect the health of the public through state-of-the-art assessment of the knowledge and skills of health professionals.

4.  Together with the Federation of State Medical Boards, the NBME sponsors the USMLE, which is a three-step standardized examination used to evaluate applicants' competence for medical licensure in the United States and its territories. The USMLE is designed to assess a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills, that constitute the basis of safe and effective patient care.

- 2 -

5.   Medical licensing authorities across the United States rely upon the USMLE as part of their process for ensuring the qualifications of prospective licensees.

6.   In order to protect the integrity, comparability and meaning of test scores, the USMLE is administered under standard conditions, and NBME has policies and procedures in place that are intended to ensure that no examinee or group of examinees receives unfair advantage on the examination.

7.   With limited exceptions, all examinees take the USMLE Step examinations under the same testing conditions, including standard testing time. The primary exception to this policy is for individuals with documented disabilities who demonstrate that they need reasonable accommodations on the test.

8.   Testing accommodations are available on the USMLE for examinees who have a disability as defined under the ADA, as amended by the ADA Amendments Act of 2008 ("ADA"). NBME receives more than a thousand accommodation requests for the USMLE each year. All requests for accommodations are individually reviewed and, when warranted (*i.e.*, when the examinee demonstrates that he or she is disabled within the meaning of the ADA and needs reasonable accommodations to take the exam in an accessible manner), reasonable and appropriate accommodations are provided. Accommodations are denied when the submitted documentation fails to demonstrate that the examinee has a disability within the meaning of the ADA, or that the requested accommodation is not needed to take the exam in an accessible manner.

9.   To assist in evaluating requests for accommodations on the Step exams, NBME often seeks input and a recommendation from independent professionals who have expertise in the disability that is identified as the basis for an accommodation request. NBME asks these

consultants to review the requests and the supporting documentation submitted by the individuals who have requested accommodations and to provide a written recommendation regarding whether the requested accommodations are warranted.

10.     Three "Step" examinations make up the USMLE: Step 1, Step 2 (comprising Step 2 Clinical Skills (Step 2 CS) and Step 2 Clinical Knowledge (Step 2 CK)), and Step 3.

11.     Elizabeth Black ("Ms. Black") took the Step 1 examination on July 3, 2014. She did not request extra time accommodations on this administration. She did not receive a passing score.

12.     Ms. Black submitted her first request for accommodations on the Step 1 examination in November 2014, seeking 50% additional testing time over two days based on a diagnosis of Attention Deficit-Hyperactivity Disorder (ADHD).

13.     NBME processed Ms. Black's request for accommodations in accordance with its standard policies and procedures. During the course of its review, NBME requested certain additional information from Ms. Black, which she provided, and also sought the recommendations of an external professional with expertise in ADHD, Dr. Kevin Murphy. NBME sent Ms. Black's request and all of her supporting documentation to Dr. Murphy for his review and recommendation regarding Ms. Black's request for accommodations.

14.     Based on Dr. Murphy's recommendation and NBME's own review of Ms. Black's documentation, NBME denied Ms. Black's initial request for testing accommodations. NBME's decision was conveyed to Ms. Black by letter dated March 2, 2015. Ms. Black took the Step 1 examination on April 9, 2015. She did not achieve a passing score.

15. Ms. Black took the Step 1 a third time on July 2, 2015. She did not request extra testing time or any other accommodations on this administration. She did not achieve a passing score.

16. Ms. Black registered to take the Step 1 exam a fourth time and again requested accommodations. Her request was submitted in January 2016 and again requested 50% additional testing time over two days. On this request, she based her request for extra testing time on diagnoses of ADHD and convergence insufficiency, a visual condition. She submitted additional documentation in support of this request.

17. NBME processed Ms. Black's second request for accommodations in accordance with its standard policies and procedures. As part of this review, NBME provided Ms. Black's request and all of her supporting documentation to Dr. Kevin Murphy for a review in light of the supplemental documentation.

18. Based on Dr. Murphy's recommendation and NBME's own review of Ms. Black's documentation, NBME again denied Ms. Black's request for testing accommodations. I notified Ms. Black of NBME's decision in a letter dated March 28, 2016. Ms. Black has not yet taken Step 1 a fourth time.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 29, 2017.

_____
Catherine Farmer