IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ELIZABETH A. BLACK, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO.: 8:16-cv-02117-SDM-TGW |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY BRIEF
IN SUPPORT OF SUMMARY JUDGMENT**

Pursuant to Local Rule 3.01(d), Defendant National Board of Medical Examiners ("NCBE") hereby moves for leave to file a reply brief in support of its pending Motion for Summary Judgment (Dkt. No. 31), not to exceed ten (10) pages. NBME's proposed reply brief would address, among other things, arguments that Plaintiff has made for the first time in her brief in opposition to summary judgment.

**MEMORANDUM OF LAW**

Plaintiff's Amended Complaint asserts a single claim of disability discrimination under Title III of the American's with Disabilities Act ("ADA"), relating to a request she made for additional testing time on the United States Medical Licensing Examination. Plaintiff claims to be disabled within the meaning of the ADA based upon a diagnosis of Attention Deficit Hyperactivity Disorder (ADHD). In response to Defendant's Motion for Summary Judgment, Plaintiff has proffered several arguments which merit the filing of a reply brief.

In particular, a person is disabled under the ADA if he or she has "a physical or mental impairment that substantially limits one or more major life activities . . . ." 42 U.S.C. § 12102(1)(A). The specific "major life activities" that Plaintiff mentions in her Amended Complaint are the activities of "learning, reading, concentrating, and thinking." (Dkt. No. 29 at ¶ 97). Likewise, when asked in discovery to identify the major life activities in which she claims to be substantially limited, Ms. Black responded that she is "affected … in the major life activities of learning, reading, memory, and concentrating." (Pl. Resp. to NBME's First Set of Ints., Resp. to Int. 2). In her opposition brief, however, Ms. Black asserts for the first time that she is also "substantially limited in the major life activity of working." (Dkt. No. 39 at 16 n.14).

Additionally, as noted above, a person is disabled under the ADA if she has a physical or mental impairment that substantially limits her ability to perform one or more major life activities. *See* 42 U.S.C. § 12102(1)(A). The ADA also provides, however, that a person is disabled within the meaning of the ADA if they "have a record of such an impairment," *id.* at § 12102(1)(B), or if they are "regarded as having such an impairment," *id.* at § 12102(1)(C). In seeking testing accommodations from NBME, and in this lawsuit, Ms. Black has argued that she is disabled because she has ADHD and is substantially limited in her ability to perform various major life activities; in other words, she has argued that she is disabled under the first prong of the ADA's three-prong definition of "disabled." In her summary judgment opposition brief, however, Ms. Black argues that she is also disabled under the "record of such an impairment" prong of the ADA's definition of disabled (by virtue of having been diagnosed with ADHD). (Dkt. No. 39 at 14).

Furthermore, Ms. Black's summary judgment opposition brief relies upon an additional ADHD diagnosis as support for her claim that she is disabled and entitled to extra time on her

medical licensing exam. *See id.* at 5 nn. 4, 5 (asserting that a Dr. Vigil-Otero also diagnosed with Ms. Black with ADHD – even though Ms. Black made no reference to any such diagnosis in support of her request for testing accommodations from NBME and did not identify Dr. Vigil-Otero in her interrogatory responses when asked to identify all professionals who treated or evaluated her for ADHD). Although, as noted below, Plaintiff opposes the relief requested herein, Defendant submits that allowing it to file a reply to address the issues discussed above will facilitate the Court's efficient resolution of Defendant's Motion for Summary Judgment.

## **CERTIFICATE OF GOOD FAITH**

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that counsel for Defendant has conferred with counsel for Plaintiff and Plaintiff opposes the relief requested herein.

## **CONCLUSION**

For the reasons stated, NBME respectfully requests that it be granted leave to file a reply brief, not to exceed ten pages, within five business days of the Court's ruling on this motion

Respectfully submitted,

**s/*Gregory A. Hearing***
GREGORY A. HEARING
BENJAMIN BARD
Thompson, Sizemore, Gonzalez
 & Hearing, P.A.
201 N. Franklin Street, Suite 1600
Post Office Box 639 (33601)
Tampa, Florida  33602

ROBERT A. BURGOYNE
Norton Rose Fulbright US LLP
799 9th Street, NW, Suite 1000
Washington, DC 20001-4501

Attorneys for NBME

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 18th day of July, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Curtis Filaroski
Anthony J. DePalma
Megan Collins
Disability Rights of Florida
2473 Care Drive, Suite #200
Tallahassee, Florida 32308

curtisf@disabilityrightsflorida.org
tonyd@disabilityrightsflorida.org
meganc@diabilityrightsflorida.org

Attorneys for Plaintiff

                                          **s/*Gregory A. Hearing***
                                          Attorney