UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH A. BLACK,

        Plaintiff,

vs.                              CASE NO.: 8:16-cv-02117-T-23TGW

NATIONAL BOARD OF
MEDICAL EXAMINERS,

        Defendant.

_____/

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff, ELIZABETH A. BLACK, by and through her undersigned counsel respectfully moves the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file a second Amended Complaint, a copy of which is attached hereto as Ex. A. The new complaint maintains the counts and allegations against the same defendant from the original complaint, but outlines more completely the scope of the major life activities in which Plaintiff is impacted by her disability, which Plaintiff has previously alluded to but now includes explicitly in light of the testimony given at depositions on May 11, 2017, legal precedent

1

relied upon by Defendant in their Motion for Summary Judgment, ECF No. 31, and following diligent research into the issue.

On July 19, 2017, Plaintiff and Defendant conferred through the parties' respective legal counsel, after which Defendant expressed objection to the filing of an Amended Complaint. Plaintiff conducted further research and made revisions to the motion for leave to amend in order to address Defendant's concerns and reached out again to Defendant on August 3, 2017. As of the time of filing on August 4, 2017, Defendant has not consented to the filing. Accordingly, Plaintiff seeks the court's leave to amend, which should be granted for the reasons set forth below.

## STATEMENT OF FACTS

1. Plaintiff filed her Complaint against Defendant National Board of Medical Examiners ("NBME") on July 22, 2016. Her first Amended Complaint was filed on May 31, 2017, which clarified the relief sought by Plaintiff and corrected minor factual errors.

2. Defendant NBME filed its Answer and affirmative defenses on August 16, 2016. Their Answer to Plaintiff's Amended Complaint was filed on June 14, 2017.

3. The parties have completed discovery as of the date of filing this Motion.

4. Through testimony elicited at depositions, employees of NBME and consultants hired to assist in the accommodation approval process expressed their opinion that the review of accommodation requests for the USMLE Step 1 exam (the exam Plaintiff seeks accommodations on) requires a higher level of rigor than the review of accommodation requests in other situations in terms of documentation requirements, since NBME is "a board with public safety issues at stake." Ex. B, Deposition of Dr. Kevin Murphy, at 93:11–18. Additionally, NBME's consultant testified that "at the end of the day, whether it's a lawyer, whether it's a doctor, whether it's a bus driver, part of the consideration I think would be, is there any potential impact letting people into a profession that might put people at risk." *Id.* at 95:23–96:3.

5. The ADA Amendments Act of 2008 (ADAAA) was enacted to reinstate the broad scope of protection available under the ADA after the Supreme Court (and ultimately lower courts following suit) interpreted the ADA more narrowly than Congress intended. Pub. L. 110-325, §3, Sept. 25, 2008, 122 Stat. 3554. The ADAAA made a number of changes to the definition of disability. These changes to the definition of disability apply to all of the ADA's titles, including Title III. *Id.*; *see also* Questions and Answers on the Final Rule Implementing the ADA Amendments Act of 2008, U.S. Equal Employment Opportunity Commission, *available at*

https://www.eeoc.gov/laws/regulations/ada_qa_final_rule.cfm (last visited August 3, 2017). When the Definition of disability was amended following the ADAAA, working was explicitly listed under the major life activities.

6. Additionally, the NBME's consultant's testimony indicates a perception of the USMLE Step 1 licensing exam as an employment related test in its assessment of an applicant's qualifications to be a doctor. Moreover, Defendant, in its Motion for Summary Judgment, relies on case law implicating employment issues under the Americans with Disabilities Act (ADA). *See, e.g.*, ECF No. 31, at 3. Accordingly, the major life activity of "working" is implicated in this case. *See also Bartlett v. New York State Bd. of Law Examiners*, 970 F.Supp. 1094, 1121 (S.D.N.Y. 1997) ("If plaintiff's disability prevents her from competing on a level playing field with other bar examination applicants, then her disability has implicated the major life activity of working because if she is not given a chance to compete fairly on what is essentially an employment test, she is necessarily precluded from potential employment in that field. In this sense, the bar examination clearly implicates the major life activity of working.").

7. Moreover, Federal guidance states that "the Department notes that one or more already-included major life activities—such as reading, writing, concentrating, or thinking, among others—will virtually always be implicated in test taking."

4

35 C.F.R. App. C, §§ 35.105 & 36.105. Accordingly, the major life activity of "test-taking" is implicated in this case.

8. Plaintiff now seeks to amend her Complaint to add the major life activities of "working" and "test-taking" to be among the major life activities Plaintiff's impairment substantially limits, based on the testimony obtained through depositions, legal authority relied upon by Defendant in its Motion for Summary Judgment, and following diligent research. The proposed Amended Complaint is attached hereto as Ex. A.

## ARGUMENT

1. Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

2. The decision whether to grant leave to amend a pleading is "within the sound discretion of the district court," a discretion which is "strictly circumscribed by the proviso that 'leave [should] be freely given when justice so requires.'" *Florida Foundation Seed Producers, Inc. v. Georgia Farms Services, LLC.* No. 1:10-CV-125, 2012 WL 4840809, at *21 (M.D. Ga. Sept. 28, 2012) (Sands, J.) (citing *Nat'l. Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982)).

3. Without a substantial and apparent justifying reason for the denial of a motion to amend, the discretion of the district court is not broad enough to permit denial. *Id.* (citing *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993)); *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).

4. Where there is absence of undue delay, bad faith, prejudice, and futility, a request to amend the pleadings should be liberally granted. *Long v. Wilson*, 393 F. 3d 390, 400 (3d Cir. 2004).

5. The courts have exercised a liberal policy towards amending complaints which reflects a policy in favor of allowing cases to be decided on their merits. As the court noted in *Foman v. Davis*, 371 U.S. 178, 182 (1972), "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."

6. Plaintiff and her legal counsel have made numerous references throughout these proceedings to the standard utilized in cases where the major life activity is working; namely, that Plaintiff should be compared to her medical student peers with similar training and experience to her own.

7. In light of the testimony elicited through depositions, the content of Defendant's Motion for Summary Judgment, and existing Federal guidance and case law, there is good cause for amending the Complaint.

8. Plaintiff did not exercise undue delay in filing this Motion to file a second Amended Complaint. While a first Amended Complaint, which did not plead the implication of these additional major life activities, has been filed in the interim between May 11, 2017, the date of the deposition testimony, and the date of request leave to file this second Amended Complaint, the first Amended Complaint was diligently filed to address issues with clarity regarding already-plead legal issues and minor factual errors. At that time, May 31, 2017, Plaintiff was in the process of researching any implications of "working" as a major life activity contained in the deposition testimony and did not want to delay the filing of the corrections and amendments included in the first Amended Complaint until the completion of legal research. Additionally, as of the time of the filing of the first Amended Complaint, Defendant had not filed their Motion for Summary Judgment, filed on June 30, 2017, which implicates employment issues (i.e. "working"). Finally, Plaintiff was also continuing to research whether she could include "test-taking" as a major life activity in her Complaint.

9. Defendant will in no way be prejudiced if the amendments to the Complaint are allowed at this point in the proceedings. The addition of these major life activities is based on the same key facts as the previously raised major life activities, and on facts and responsibilities under the ADA already known to the

7

Defendant. Further, Plaintiff was made aware of the implication of the major life activity of "working" through the testimony of a consultant used by Defendant in the course of its evaluation of her application for accommodations, as well as through the content of its own Motion for Summary Judgment. Finally, in the unlikely event Defendant should feel that any additional discovery is necessary due to this amendment, Plaintiff will make herself available for a supplemental deposition.

10. Accordingly, this Court should grant Plaintiff's Motion. None of the factors that may prevent application of the liberal granting of a motion for leave to amend exist in this case.

**WHEREFORE**, Plaintiff moves the Court for an Order granting leave to amend and deeming the attached Amended Complaint filed as of the date this Motion is granted.

Respectfully submitted this 4th day of August 2017,

By: *[signature]*

**Megan Collins**
Florida Bar No. 0119112

**Curtis Filaroski**
Florida Bar No. 111972

**Attorneys for Plaintiff**

Disability Rights Florida
2473 Care Drive, Suite #200
Tallahassee, Florida  32308
(850) 488-8640
curtisf@disabilityrightsflorida.org
meganc@disabilityrightsflorida.org

## **CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing was filed on CM/ECF on August 4, 2017, and electronically delivered to the following individuals:

GREGORY A. HEARING
Florida Bar No.: 817790
ghearing@tsghlaw.com
Thompson, Sizemore, Gonzalez & Hearing, P.A.
201 N. Franklin St., Suite 1600
Post Office Box 639 (33601)
Tampa, Florida 33602
Tel: (813) 273-0050
Fax: (813) 273-0072

ROBERT A. BURGOYNE
Appearing *Pro Hac Vice*
D.C. Bar No.: 366757
robert.burgoyne@nortonrosefulbright.com
Norton Rose Fulbright US LLP
799 9th Street, NW, Suite 1000
Washington, DC 20001-4501
Tel: (202) 662-4513
Fax: (202) 662-4643

/s/ Megan Collins
Megan Collins, Esq.