Atkinson-Baker Court Reporters
www.depo.com

```
 1              UNITED STATES DISTRICT COURT
 2              MIDDLE DISTRICT OF FLORIDA
 3                    TAMPA DIVISION
 4
    ELIZABETH A. BLACK,              :
 5                                   :
                Plaintiff            :
 6                                   :
         vs.                         :No.
 7                                   :8:16-cv-02117-T-23TGW
                                     :
 8  NATIONAL BOARD OF MEDICAL        :
    EXAMINERS,                       :
 9              Defendants           :
                                     :
10                                   :
                 ---------------------------------x
11
12
13
14                    DEPOSITION OF
15                   DR. KEVIN MURPHY
16              PHILADELPHIA, PENNSYLVANIA
17                    May 11, 2017
18
19
20
    ATKINSON-BAKER, INC.
21  COURT REPORTERS
    (800) 288-3376
22  www.depo.com
23
    REPORTED BY:  PATRICIA BROWN
24
    FILE NO.  AB03C78
25
```

**Atkinson-Baker Court Reporters**
www.depo.com

```
 1              UNITED STATES DISTRICT COURT
 2              MIDDLE DISTRICT OF FLORIDA
 3                    TAMPA DIVISION
 4
 5   ELizABETH A. BLACK,             :
                                     :
 6              Plaintiff            :
                                     :Civil Action No.
 7         vs.                       :8:16-cv-02117-T-23TGW
                                     :
 8                                   :
     NATIONAL BOARD OF MEDICAL       :
 9   EXAMINERS,
10              Defendants
     --------------------------------x
11
12
13
14
15
16
17     Deposition of DR. KEVIN MURPHY, taken on behalf
18   of Defendants, at 3750 Market Street, Philadelphia,
19     Pennsylvania 19104, commencing at 8:07 a.m.
20    Thursday, May 11, 2017, before Patricia Brown.
21
22
23
24
25
```

**Atkinson-Baker Court Reporters**
**www.depo.com**

```
 1              A-P-P-E-A-R-A-N-C-E-S
 2       FOR PLAINTIFF:
      LAW OFFICES OF DISABILITY RIGHTS FLORIDA
 3    BY:  MEGAN COLLINS, Esq.
      1930 Harrison Street
 4    Suite 104
      Hollywood, Florida 33020
 5    Phone #850-488-9071
      E-mail: MeganC@DisabilityRightsFlorida.org
 6
      LAW OFFICES OF DISABILITY RIGHTS FLORIDA
 7    BY:  CURTIS FILAROSKI, Esq.
      2473 Care Drive
 8    Suite 200
      Tallahassee, Florida 32308
 9    Phone #850-488-9071
      E-mail: CurtisF@DisabilityRightsFlorida.org
10
      LAW OFFICES OF DISABILITY RIGHTS FLORIDA
11    BY: ANN MARIE CINTRON-SIEGEL, Esq.
      1930 Harrison Street
12    Suite 104
      Hollywood, Florida 33020
13    Phone# 850-488-9071
      E-mail: AnnS@DisabilityRightsFlorida.org
14
         FOR DEFENDANTS:
15    LAW OFFICES OF NORTON ROSE FULBRIGHT
      BY: ROBERT A. BURGOYNE, Esq.
16    799 9th Street, NW
      Suite 1000
17    Washington, DC 20001
      Phone# 1-202-662-4513
18    E-mail:robert.burgoyne@nortonrosefulbright.
      com
19
20    NATIONAL BOARD OF MEDICAL EXAMINERS
      BY: SUZANNE WILLIAMS, Esq.
21    3750 Market Street
      Philadelphia, Pennsylvania 19104
22    Phone# 215-590-9538
      E-mail: Swilliams@nbme.org
23
24
25
```

**Dr. Kevin Murphy**
**May 11, 2017**

**Atkinson-Baker Court Reporters**
www.depo.com

```
 1                    I N D E X
 2   WITNESSES:  DR. KEVIN MURPHY
 3         EXAMINATION                        PAGE
 4      By MS. CINTRON-SIEGEL                 5
        By MR. BURGOYNE                       128
 5
 6
                       E X H I B I T S
 7
     NUMBER              DESCRIPTION          PAGE
 8
     No. 1  CV= KRM 1-24                       54
 9   No. 2  Request for test accommodations    56
     No. 3  Results submitted on 12-29-14      63
10   No. 4  Request for test accommodations    84
     No. 5  View results                       98
11   No. 6  Test results & clinical impressions 113
12
13
14            INSTRUCTIONS NOT TO ANSWER:
15                     PAGELINE
16              --                --
17
                  INFORMATION REQUESTED:
18
                         (None)
19
20
21
22
23
24
25
```

Atkinson-Baker Court Reporters
www.depo.com

```
 1  Q.     So less stringent than what the ADA requires?
 2  A.     Just their burden of proof, so to speak, might
 3  be lesser than somebody else.
 4  Q.     Do you believe the testing agencies are --
 5  their burden of proofs are a higher standard?
 6              MR. BURGOYNE:  Object to the form of
 7  the question.  Higher standard than colleges?
 8              MS. CINTRON-SIEGEL:  Yes.
 9              MR. BURGOYNE:  If you know.  Do you
10  have any basis for giving any views on this.
11              THE WITNESS:  I don't know that for
12       sure.  But I do know that it appears to be
13       easier to get accommodations at the
14       undergraduate level, for example.  They don't
15       have as much rigger required in terms of
16       documentation requirements as a board with
17       public safety issues at stake and fairness and
18       that sort of thing.
19  BY MS. CINTRON-SIEGEL:
20  Q.     And what do you mean by public safety issues?
21  A.     Just, when there's minimum requirements to be
22  a certain -- in a licensing test, for example,
23  there's supposed to be minimal competencies.  And
24  this is -- my impression is that this is allowing
25  people to progress into an area that would be -- put
```

```
 1  Examiners.
 2              MR. BURGOYNE:  Well, I don't think
 3      that's what he said.
 4              THE WITNESS:  That's not what I said
 5      either.
 6  BY MS. CINTRON-SIEGEL:
 7  Q.   Okay.  Then what did you testify to?
 8  A.   I said that some places, some places that I've
 9  done work for where there's -- like, for example, if
10  a blind person applied to be a bus driver and said I
11  should be able to -- I want somebody sitting beside
12  me and telling me where to take a left and a right.
13  And I'm going to risk it because I don't want to
14  be -- that would be -- if you allowed somebody to
15  drive a bus blind and have an accommodation effect,
16  that might be a little risky.
17  Q.   Do you think that would be considered a
18  reasonable accommodation?
19  A.   I'm just giving you an example of what I'm
20  saying.  So that's an aspect of the overall
21  landscape of what boards are doing.  They're trying
22  to be fair.  They're trying to be equitable.
23  They're trying to find their own standards.  And at
24  the end of the day whether it's a lawyer, whether
25  it's a doctor, whether it's a bus driver, part of
```

```
 1                REPORTER'S CERTIFICATE
 2
 3           I, PATRICIA BROWN, stenographic reporter,
 4   certify:  That the foregoing proceedings were taken
 5   before  me at the time and place therein set forth,
 6   at time the witness was put under oath by me;
 7           That the testimony of the witness, the
 8   questions propounded, and all objections and
 9   statements made at the time of the examination were
10   recorded stenographically by me and were thereafter
11   transcribed;
12           That the foregoing is a true and correct
13   transcript of my shorthand notes so taken.
14           I further certify that I am not a relative or
15   employee of any attorney of the parties, nor
16   financially interested in the action.
17           I declare under penalty of perjury under the
18   laws of Pennsylvania that the foregoing is true and
19   correct.
20           Dated this 23nd day of May, 2017.
21
22
23   BY:_____
24                Patricia Brown
25
```

130

**Dr. Kevin Murphy**
**May 11, 2017**