**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ELIZABETH A. BLACK,

        Plaintiff,

vs.                                      CASE NO.:  8:16-cv-02117-SDM-TGW

NATIONAL BOARD OF
MEDICAL EXAMINERS,
        Defendant.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO FILE SECOND AMENDED COMPLAINT
AND MEMORANDUM OF LAW**

Defendant, National Board of Medical Examiners ("NBME"), pursuant to Local Rule 3.01(b), hereby responds to Plaintiff's Amended Motion to for Leave to File Second Amended Complaint and Memorandum of Law in Support (Amended Motion; Dkt. No. 44). Plaintiff has unduly and inexcusably delayed requesting leave to amend and, as a result, will substantially prejudice Defendant if her request for relief in the Amended Motion is granted. Moreover, Plaintiff's proposed amendments would be futile because they are insufficient to preclude summary judgment in favor of Defendant. Accordingly, and as explained in further detail below, Plaintiff's Amended Motion (Dkt. No. 44) should be denied.

**MEMORANDUM OF LAW**

    **I.**    **Background**

On July 22, 2016, Plaintiff filed a one-count complaint against Defendant alleging violation of Title III of the Americans with Disabilities Act ("Title III"). (Dkt. No. 1; Compl.

¶¶ 94-106). On September 15, 2016, the Court entered a Case Management and Scheduling Order, which endorsed the parties' proposed discovery deadline of May 16, 2017, and set a deadline for dispositive motions on May 1, 2017. (<u>See</u> Dkt. Nos. 16 & 17). The Case Management and Scheduling Order also incorporated by reference the admonition contained in Local Rule 3.0(c)(2)(E) that "[a] motion to amend any pleading . . . is distinctly disfavored after entry of the Case Management and Scheduling Order." Local Rule 3.05(c)(2)(E). On February 24, 2017, the parties jointly moved to extend the discovery deadline to June 1, 2017, and the dispositive motion deadline to July 1, 2017. (Dkt. No. 26).

The deposition of Kevin Murphy, upon which Plaintiff relies in her Amended Motion, occurred on May 11, 2017. Plaintiff's deposition, which was the last to be completed in this case, occurred on May 17, 2017. Following those depositions, Plaintiff filed an Amended Complaint on May 31, 2017, which, despite the representations contained in Plaintiff's Amended Motion, corrected significant factual errors contained in Plaintiff's original pleading exposed during Plaintiff's deposition. (<u>See</u> Dkt. Nos. 1 & 29).

On June 30, 2017, Defendant filed its Motion for Summary Judgment and Memorandum of Law in Support. (Dkt. No. 31). Plaintiff filed her Response to Defendant's Motion for Summary Judgment on July 14, 2017. (Dkt. No. 39). On July 18, 2017, Defendant requested leave to file a Reply to Plaintiff's Response, which the Court granted on July 19, 2017. (Dkt. Nos. 40 & 41). Defendant filed its Reply on July 26, 2017. (Dkt. No. 42). It was only after Defendant's Motion for Summary Judgment had been filed that Plaintiff decided to request leave to file a Second Amended Complaint on August 4, 2017, asserting new legal and

factual bases for her cause of action in an eleventh-hour attempt to avoid judgment in favor of Defendant. (Dkt. No. 44).

### II. Legal Analysis

#### A. Plaintiff Has Unduly Delayed in Seeking Leave to File a Second Amended Complaint.

Plaintiff's request for leave to file a Second Amended Complaint is properly denied under Rule 15(a) because Plaintiff unduly delayed in seeking leave to amend. Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005) (noting that a court need not grant leave to amend where there has been undue delay); Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999). Preliminarily, Plaintiff primarily bases her request for leave to file a Second Amended Complaint on testimony elicited during the deposition of Dr. Murphy, which, as noted above, occurred on May 11, 2017. Plaintiff presents no convincing reason for her decision to wait nearly three months to request leave to amend on this basis, particularly in light of the fact that she filed a first Amended Complaint twenty days after the deposition in question had been completed. (See Dkt. No. 29). The intervening period between Dr. Murphy's deposition and the filing of Plaintiff's first Amended Complaint was more than ample to conduct the legal research necessary to determine the propriety of any amendment to include additional major life activities. Plaintiff provides no explanation as to how waiting another two months to seek leave to file a Second Amended Complaint constitutes "diligence" with regard to legal research, much less any other aspect of this litigation.

Plaintiff's undue delay is further highlighted by the fact that, despite having the intention to research and determine the propriety of further amending the pleadings in this case, Plaintiff decided to wait until the conclusion of the discovery period and the full briefing of

3

the issues raised in Defendant's Motion for Summary Judgment to seek leave to file a Second Amended Complaint. Indeed, Plaintiff responded to the Motion for Summary Judgment filed by Defendant with only a passing reference to her desire to "also argue that she is substantially limited in the major life activity of working," and with no mention of any alleged substantial limitation in the purported major life activity of test-taking. (See Dkt. No. 39 at 16 n.14).

Plaintiff's reference to case law cited in support of Defendant's Motion for Summary Judgment in her Amended Motion likewise provides no legitimate explanation for her excessive delay in requesting leave to make the amendments proposed therein. In particular, Plaintiff makes no effort to articulate how such authority, none of which presents a novel issue in this area of the law, merits any amendment to the pleadings in this case. Indeed, the case law on which Defendant relied is well-settled and, even if it presented any basis for including any other major life activity in support of Plaintiff's claim, should have been taken into account by Plaintiff prior to filing her original Complaint or, at the very least, before proceeding through nearly the entire course of this litigation and waiting until Defendant had expended resources conducting discovery and drafting a dispositive motion based on the allegations Plaintiff previously pled. Indeed, Plaintiff fails entirely to elucidate any coherent connection between the authority cited by Defendant and the need for her proposed amendments.

Likewise unconvincing is Plaintiff's reliance on regulations that have been in place since 2008, as well as "federal guidance" published ten months prior to the First Amended Complaint and nearly a year prior to her Amended Motion. (See Dkt. Nos. 1 & 29); 28 U.S.C. pt. 35, app. C. Plaintiff makes no attempt to explain why those materials provide any legitimate reason for Plaintiff to wait until this stage of the proceedings to request the amendment she

4

now seeks.  Contrary to the impression given by Plaintiff's Amended Motion, numerous courts have found undue delay where a plaintiff who was previously given leave to amend his or her pleading has waited until after the close of discovery and the conclusion of summary judgment briefing to seek leave to amend the complaint.  See, e.g., Haynes v. McCalla Raymer, LLC, 793 F.3d 1246, 1250 (11th Cir. 2015).  Despite that authority, Plaintiff has made no effort to distinguish her delay and provide the Court with any appropriate basis for granting the relief sought in her Amended Motion.  Accordingly, Plaintiff's request for leave to file a Second Amended Complaint should be denied.

### B. Granting Plaintiff's Requested Relief Would Cause Substantial Prejudice to Defendant.

Plaintiff's suggestion that there would be no prejudice from her attempt to expand the substantive basis for her ADA claim is plainly meritless.  Plaintiff has waited until the completion of discovery and the conclusion of summary judgment briefing to seek leave to file a Second Amended Complaint.  Courts have repeatedly found prejudice to non-moving parties in such circumstances.  See, e.g., Quinn v. Deutsche Bank Nat'l Trust Co., 625 Fed. App'x 937, 940 (11th Cir. 2015).

At a minimum, Plaintiff has deprived Defendant of the ability to conduct full discovery regarding these newly-alleged major life activities and file a complete dispositive motion regarding her expanded legal theories.  It is no answer for her to say that she has no objection to discovery being re-opened so that Defendant can re-depose her, because doing so would impose unwarranted additional expense and additional time commitments on Defendant, after a motion for summary judgment has been fully briefed and with trial (if any) currently scheduled for the Court's September 2017 trial calendar.  Therefore, the well-recognized

prejudice from the type of amendment requested by Plaintiff is also very real in this case. For that additional reason, the Court should not permit this amendment.

### C. Plaintiff's Proposed Amendments Would Be Futile

Aside from Plaintiff's undue delay and the prejudice her requested amendment would cause, such amendment would be futile because it would do nothing to preclude summary judgment in this case. Corsello, 428 F.3d at 1012. "A proposed amendment is futile 'when the complaint as amended would still be properly dismissed.'" Hearn v. Int'l Business Machines, 2014 WL 5368858, at *2 (11th Cir. 2014). Even if Plaintiff attempted to argue that she was substantially impaired in the major life activity of "working" or "test-taking," there is no record evidence to support Plaintiff's claim. To the contrary, as detailed in Defendant's Motion for Summary Judgment, any allegation that Plaintiff is impaired in relation to the general population in the purported major life activity of "working" or "test taking" is flatly contradicted by Plaintiff's exceptional work history and scores on other high-stakes standardized tests. (See Dkt. No. 31 at 5-10). Accordingly, even if the Court granted leave to make her proposed amendment, and even if "test taking" qualified as a major life activity under the ADA, Plaintiff's claim, would still be subject to dismissal on summary judgment and her request to make that proposed amendment should be denied as futile.

### III. CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Amended Motion to for Leave to File Second Amended Complaint (Dkt. No. 44).

Dated this 7th day of August, 2017.

                    Respectfully submitted,

                    s/*Gregory A. Hearing*
                    GREGORY A. HEARING
                    Florida Bar No. 817790
                    ghearing@tsghlaw.com
                    BENJAMIN BARD
                    Florida Bar No. 95514
                    bbard@tsghlaw.com
                    Thompson, Sizemore, Gonzalez &
                       Hearing, P.A.
                    201 N. Franklin Street, Suite 1600
                    Post Office Box 639 (33601)
                    Tampa, Florida 33602
                    Tel: (813) 273-0050
                    Fax: (813) 273-0072

                    ROBERT A. BURGOYNE
                    Admitted *Pro Hac Vice*
                    robert.burgoyne@nortonrosefulbright.com
                    Norton Rose Fulbright US LLP
                    799 9th Street, NW, Suite 1000
                    Washington, DC 20001-4501
                    Tel: (202) 662-4513
                    Fax: (202) 662-4643

                    Attorneys for NBME

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 7th day of August, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    Curtis Filaroski
    Anthony J. DePalma
    Megan Collins
    Disability Rights of Florida
    2473 Care Drive, Suite #200
    Tallahassee, Florida 32308

curtisf@disabilityrightsflorida.org
tonyd@disabilityrightsflorida.org
meganc@diabilityrightsflorida.org

Attorneys for Plaintiff

                                              **s/*Gregory A. Hearing***
                                              Attorney