# EXHIBIT I

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH A. BLACK,

        Plaintiff,

vs.                          CASE NO.: 8:16-cv-02117-T-23TGW

NATIONAL BOARD OF
MEDICAL EXAMINERS,

        Defendant.

_____/

**PLAINTIFF'S EXPERT WITNESS LIST**

Pursuant to Local Rule 3.06(c)(6), Plaintiff files this list of expert witnesses, including a statement of the subject matter and a summary of the substance of his or her testimony. Defendant has filed its objections to each of those proposed witnesses via a Motion *in Limine*, ECF No. 47, on August 15, 2017; Plaintiff opposes the grounds of that motion and will file a response brief within the time frame outlined in Local Rule 3.01(b):

**1. Dr. Margret Booth-Jones**

<u>Subject Matter on which the Witness is Expected to Present Evidence</u>: This witness is expected to present evidence relating to the Plaintiff's diagnosis of Attention Deficit Hyperactivity Disorder (ADHD). In 2014, this individual oversaw a "re-evaluation" diagnosis of Plaintiff for ADHD, which included a battery of tests designed to confirm the diagnosis of ADHD that had been made by previous professionals. This witness can speak to the nature of the evaluation

conducted on Plaintiff to confirm her diagnosis of ADHD and to the types of behaviors and impairments reflected in the evaluation conducted on the Plaintiff.

Summary of Facts and Opinions to which the Witness is Expected to Testify: This witness is expected to testify to the fact that the Plaintiff was diagnosed with ADHD and that the re-evaluation she supervised in 2014 confirmed this diagnosis of ADHD. The witness will explain how the evaluation was completed, what testing made up the evaluation, and how the evaluation was able to confirm Plaintiff's diagnosis. The witness is also expected to testify as to her opinion on how Plaintiff is impaired and to what magnitude Plaintiff is impaired, based on the information gather via the re-evaluation. Finally, the witness is expected to testify as to information contained in a letter written on behalf of Plaintiff's application for testing accommodations, which contains facts regarding Plaintiff's ADHD diagnosis and opinions related to how the witness feels Plaintiff is impaired.

## 2. Dr. Ashley Vigil-Otero

Subject Matter on which the Witness is Expected to Present Evidence: This witness is expected to present evidence related to her evaluation and treatment, through therapy, of Plaintiff's ADHD and symptoms related to ADHD, such as testing anxiety and "work-life balance." This witness not only treated Plaintiff for ADHD but also independently evaluated Plaintiff for ADHD and confirmed her diagnosis of ADHD in 2013. This witness will speak to the nature of the evaluation conducted on Plaintiff to confirm her ADHD diagnosis as well as speak to the impairments affecting Plaintiff.

<u>Summary of Facts and Opinions to which the Witness is Expected to Testify</u>: This witness is expected to testify to the fact that Plaintiff was diagnosed with ADHD and that she was able to confirm this diagnosis through evaluation and treatment of Plaintiff. Additionally, this witness will testify as to her opinions on how Plaintiff's ADHD diagnosis and symptoms substantially limited and otherwise impaired Plaintiff's function in multiple settings, including in school and in her relationships. This will include testifying as to Plaintiff's substantially limitation in concentrating and thinking.

3. **Prof. Ruth Colker, Esq.**

<u>Subject Matter on which the Witness is Expected to Present Evidence</u>: Prof. Colker – a policy expert who has worked in the past with testing entities to develop "best practices" for processing accommodations applications pursuant to the Americans with Disabilities Act – is expected to testify as to the extent in which the NBME has exhibited "best practices" in evaluating Plaintiff's application for accommodations, and thus the extent to which Defendant is in compliance with the legal standards established for other testing entities in similar situations. This witness will speak as to her history in aiding testing organizations in their efforts to comply with the law and the extent to which Defendant has failed to meet the "best practices" standards established, pursuant to the Americans with Disabilities Act, for other testing entities – "best practices" that the witness has had a hand in crafting.

<u>Summary of Facts and Opinions to which the Witness is Expected to Testify</u>: The witness is expected to testify that Defendant's policy, which led them to deny Plaintiff her request for accommodations, is not in line with the "best practices" established for other testing entities, pursuant to the Americans with Disabilities, in similar situations. Specifically, Prof. Colker is

expected to testify that an individual like Plaintiff – who has been diagnosed with ADHD and has demonstrated in her records significant limitations in major life activities, including limitations on the test she seeks accommodations on – would be approved for accommodations pursuant to the "best practices" of other testing entities, and that Defendant should likewise approve Plaintiff's accommodations, as a testing entity subject to the same legal standards as these other testing entities.

### 4. Prof. Charles Golden, Ph.D.

Subject Matter on which the Witness is Expected to Present Evidence: Prof. Golden, a board certified clinical neuropsychologist, is expected to present evidence regarding his belief that the rejection of Plaintiff's application for accommodations by Defendant was inappropriate, based on his view that Plaintiff is an individual with a disability under the Americans with Disabilities Act. The witnesses view will be supported by the records reviewed by Defendant pursuant to Plaintiff's application for accommodations as well as his own personal evaluation of Plaintiff, in which he confirmed her diagnosis of attention deficit hyperactivity disorder (ADHD).

Summary of Facts and Opinions to which the Witness is Expected to Testify: The witness is expected to testify as to his opinion that 1) Plaintiff, based on his review of the record and his own personal evaluation, has a disability under the Americans with Disabilities Act, and 2) it is necessary for Plaintiff to receive accommodations from Defendant in order to ensure the results of her taking the Step 1 examination reflect her aptitude and achievement level, not the effects of her disability. Prof. Golden will testify as the to the process and results of his evaluation of Plaintiff, his expert impressions upon reviewing the evidence in the record, and his belief that Defendant wrongly denied Plaintiff's requests and should provide her accommodations.

Respectfully submitted this 17th day of August, 2017.

/s/ Curtis Filaroski

**Curtis Filaroski**
FL Bar No. 111972
curtisf@disabilityrightsflorida.org
**Megan Collins**
FL Bar No. 119112
meganc@disabilityrightsflorida.org
**Ann Siegel**
FL Bar No. 166431
anns@disabilityrightsflorida.org
**Attorneys for Plaintiff Elizabeth Black**
Disability Rights Florida
2473 Care Drive, Suite 200
Tallahassee, FL 32308
Phone: 850-488-9071
Fax: 850-488-8640