UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH A. BLACK,

        Plaintiff,

vs.                           CASE NO.: 8:16-cv-02117-T-23TGW

NATIONAL BOARD OF
MEDICAL EXAMINERS,

        Defendant.

_____/

## PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY PROPOSED BY DEFENDANT

Pursuant to Federal Rule of Evidence 104(a), Plaintiff files this Motion *In Limine* to exclude any trial testimony to be offered by two of Defendant's proposed experts, namely Dr. Michael Gordon, Ph.D., and Dr. Michael John Herkov, Ph.D., based on the opinions offered in their expert reports. The expert opinions proposed by Defendant to be offered by Dr. Gordon and Dr. Herkov would constitute needlessly cumulative or duplicative evidence, which the Court may exclude pursuant to Federal Rule of Evidence 403.

### MEMORANDUM OF LAW

#### *Nature of the Case*

Plaintiff's claim for relief in this case is based on Defendant's violation of Title III of the Americans with Disabilities Act (ADA). Plaintiff claims that Defendant violated the ADA by denying her, as an individual with a disability, 50% extra time as an accommodation on Step 1

on the United States Medical Licensing Examination (USMLE). Defendant's denial was based on the fact that it is Defendant's belief that Plaintiff does not have attention deficit hyperactivity disorder (ADHD), a diagnosis that Plaintiff has received on numerous occasions, and thus that Plaintiff is not an individual with a disability under the ADA. Accordingly, the outcome of this case relies heavily upon whether Plaintiff has the impairment of ADHD, which substantially limits one or more major life activities, i.e. whether Plaintiff is an individual with a disability under the ADA.

<u>*Defendant's Rule 26(a)(2) Expert Witness Disclosures*</u>

On June 30, 2017, and in accordance with the Court's scheduling order, Defendant served its Federal Rule of Civil Procedure 26(a)(2) Expert Disclosures, attached hereto at **Ex. 1**. Defendant's disclosures identified three individuals who Defendant proposes to call as expert witnesses at trial, all of whom provided expert reports: 1) Kevin Murphy, Ph.D., 2) Michael Gordon, Ph.D., and 3) Michael John Herkov, Ph.D.

The first expert witnesses disclosed to Plaintiff by Defendant was Dr. Kevin Murphy. Dr. Murphy was the outside consultant hired by Defendant to review Plaintiff's applications for accommodations. *See* Ex. 1, at 5 ("I also have first-hand knowledge of certain underlying facts in my capacity as an external reviewer for NBME"). Specifically, Dr. Murphy reviewed Plaintiff's applications and recommended that her applications be denied, based on his belief that she had neither ADHD nor a disability under the ADA. *See* ECF Nos. 33-3, 33-5. Similarly, in his report, he states that his testimony will conclude that "it is [his] opinion that Ms. Black does not meet the diagnostic criteria for ADHD, and that her alleged ADHD symptoms do not make her 'disabled' within the meaning of the ADA." Ex. 1, at 11.

The second expert witness disclosed to Plaintiff by Defendant was Michael Gordon, Ph.D. Like Dr. Murphy, Dr. Gordon has an alleged area of specialty in adult ADHD. *See id.* at 12, 42. Moreover, like Dr. Murphy, Dr. Gordon's expert report, and thus his proposed testimony, analyzes 1) whether Plaintiff has ADHD and 2) whether Plaintiff has a disability under the ADA. *Id.* at 29. Dr. Gordon concludes that "(a) Ms. Black does not meet the professional criteria for diagnosis of Attention Deficit/Hyperactivity Disorder ("ADHD"); and (b) even if one accepts the diagnosis, any limitation that she experiences as a result of her alleged impairment do not rise to the level of substantial limitations when compared to the average person in the general population." *Id.*

The final expert witness disclosed to Plaintiff by Defendant was Michael John Herkov, Ph.D., "a licensed psychologist, with a focus on psychological and neuropsychological assessment and treatment of children and adults." *Id.* at 66. Dr. Herkov's proposed testimony, as reflected in his expert report, is almost identical to the proposed testimony of Dr. Murphy and Dr. Gordon, as he is also tasked with testifying as to whether Plaintiff has a diagnosis of ADHD and, if so, whether she has a disability. *Id.* at 62. Dr. Herkov concludes that "(a) Ms.Black does not meet professional diagnostic criteria for a diagnosis of ADHD; and (b) even if such a diagnosis had been shown to be proper, any limitations that she experiences as a result of her alleged impairment do not constitute substantial limitations when compared to the average person in the general population, as confirmed by her extensive history of accomplishment in high school, college (Princeton University), and a post-baccalaureate program (the University of Pennsylvania), as well as on other standardized tests; and by the fact that there is no evidence of impairment in other areas such as social or occupational functioning (*e.g.*, she was involved in

3

numerous extracurricular activities such as student government and athletics, and has received outstanding letters of recommendation from individuals who worked closely with her)." *Id.*

### *Dr. Gordon and Dr. Herkov's Expert Testimony and Any Opinions as Reflected in their Expert Report Should Be Excluded as Needlessly Cumulative*

This Court has the authority to exclude expert witnesses from testifying at trial if their testimony constitutes cumulative evidence. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Federal Rule of Evidence 403; *see also* Federal Rule of Evidence 611 ("The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to … avoid needless consumption of time."); Federal Rule of Civil Procedure 16(c)(2)(D) (at the pre-trial conference, "the court may consider and take appropriate action on … avoiding unnecessary proof and cumulative evidence, and limiting the use of testimony under Federal Rule of Evidence 702"). This standard applies to expert testimony, regardless of its relevancy or admissibility, so long as the probative value of the testimony does not outweigh the harm in needlessly presenting cumulative evidence. *See, e.g., U.S. v. Shorter*, 809 F.2d 54, 61 (D.C. Cir. 1987) (concluding that it was not an abuse of discretion by the District Court to exclude otherwise relevant and admissible expert testimony that was needlessly cumulative), *overturned on other grounds, Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Evidence is cumulative if it is offered to establish what has already been purportedly established by other evidence. *See Mosley v. Atchinson*, 689 F.3d 838, 848 (7th Cir. 2012), quoting *Smith v. Sec'y of New Mexico Dep't of Corrections*, 50 F.3d 801, 829 (10th Cir. 1995); *see also Black v. Commissioner of Social Sec.*, 2008 WL 4361055, at *18 (M.D. Fla. Sept. 15,

2008) (identifying testimony that "is substantially similar to, if not the same as" testimony from another individual as cumulative evidence; thus, there was no error in excluding such evidence). The Supreme Court has explained that "[t]he District Court retains considerable latitude even with admittedly relevant evidence in rejecting that which is cumulative." *Hamling v. U.S.*, 418 U.S. 87, 127 (1974). The reason for allowing the exclusion of cumulative evidence that is otherwise relevant is because it does not aid the trier of fact in reaching its conclusion and it needlessly wastes time. *See Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 656 (11th Cir. 1993) (upholding the exclusion of cumulative evidence due to the fact that the evidence "already presented [had given] the Jury [the trier of fact] the total picture" of the factual scenario, and additional evidence would "unnecessarily prolong [the] trial").

The evidence proposed by Defendant to be presented by Dr. Gordon and Dr. Herkov is clearly cumulative of the evidence proposed to be offered by Dr. Murphy. Each of the three doctors are presented as experts in the field of adult ADHD or neuropsychological assessment of adults, *see* Ex. 1 at 12, 42, 66; each intend to offer evidence of the standards governing a diagnosis of ADHD under DSM-V, *see id.* at 5, 30, 63; and each intend to offer the **identical conclusion** that Plaintiff 1) does not have a diagnosis of ADHD, and 2) even if she did have a diagnosis of ADHD, she is not substantially limited in her ability to perform major life activities, and thus not disabled under the ADA. *See id.* at 5, 29, 62. In other words, the evidence proposed to be offered by Dr. Gordon and Dr. Herkov – two experts retained by Defendant solely for the purpose of testifying at trial, as opposed to Dr. Murphy who took part in reviewing Plaintiff's application for accommodations – is offered to purportedly establish conclusions that are identical to the purported conclusions already being made by Dr. Murphy in part of his proposed testimony. While Dr. Gordon and Dr. Herkov's proposed testimony is not **identical** to the

5

proposed testimony of Dr. Murphy, this is only because Dr. Murphy is also expected to testify on his personal experiences in reviewing and processing Plaintiff's applications for accommodations – the proposed expert testimony of all three, as reflected in their expert reports discussing whether Plaintiff is an individual with ADHD and whether she is an individual with a disability, is nonetheless **cumulative**. All three reach the same conclusion regarding the same issues that are the subject of their expert testimony.

Moreover, the probative value of Dr. Gordon and Dr. Herkov's proposed testimony does not outweigh the danger of presenting needlessly cumulative evidence. The proposed expert testimony does not aid this Court, sitting as the trier of fact in this case, in reaching conclusions of law – the proposed testimony of Dr. Gordon and Dr. Herkov merely repeat the proposed conclusions of Dr. Murphy, and all three of these proposed experts are experts in the exact same area of expertise. The presentation of identical expert conclusions from witnesses with backgrounds in the same area of experience does not aid the trier of fact in making a determination on the issues of fact they propose to testify on – whether Plaintiff has ADHD and whether she has a disability; it merely serves to prolong the trial. *See Ross*, 980 F.2d at 656.

Additionally, the probative value of the proposed testimony by Dr. Gordon and Dr. Herkov is undermined by the fact that the two proposed experts have never personally met with and evaluated Plaintiff. As Dr. Murphy, Defendant's own expert, noted in his deposition, he would not "diagnose somebody [with ADHD] without the ability to have done the assessment" himself or "determine the impact of someone's disability based just on a record review." ECF No. 39-13, p. 5, at 24:17:22.[1] However, both Dr. Gordon and Dr. Herkov propose to do both in

---

[1] It should be noted that, despite making this statement, Dr. Murphy has also not personally met with or evaluated Plaintiff, despite denying that she has ADHD and a disability under the ADA. *See* Ex. 1, at 5.

their expert testimony – their proposed testimony 1) denies Plaintiff has a diagnosis of ADHD without having done an assessment themselves, and 2) asserts that, even if Plaintiff does have ADHD, a mere review of her records shows that it does not impact her in a manner that would lead to her having a disability under the ADA.

Proposed testimony by expert witnesses who have not reviewed or evaluated Plaintiff – when another expert witness proposed by the same party states that this a pre-requisite for reaching the conclusions regarding diagnosis and disability that they proposed to reach – is not probative and does not help this Court in concluding whether Plaintiff has ADHD or a disability under the ADA. Moreover, as stated above, the proposed testimony of Dr. Gordon and Dr. Herkov is not probative because it merely repeats expert opinions already proposed to be offered by Dr. Murphy. Accordingly, the danger and the potential cost in time in presenting this needlessly cumulative evidence outweighs any probative value that could be gained by the Court in hearing this proposed expert testimony.

## CONCLUSION

For these reasons, Plaintiff respectfully requests this Court grant her motion *in limine*.

Respectfully submitted: August 23, 2017

**Curtis Filaroski**
FL Bar No. 111972
curtisf@disabilityrightsflorida.org
**Megan Collins**
FL Bar No. 119112
meganc@disabilityrightsflorida.org
**Ann Marie Cintron-Siegel**
FL Bar No. 166431
anns@disabilityrightsflorida.org
**Attorneys for Plaintiff Elizabeth Black**
Disability Rights Florida

7

2473 Care Drive, Suite 200
Tallahassee, FL 32308
Phone: 850-488-9071
Fax: 850-488-8640

## CERTIFICATE OF GOOD FAITH

As set forth above, pursuant to Local Rule 3.01(g) of this District, counsel for Plaintiff has conferred with counsel for Defendant in an attempt to resolve these issues. Counsel for Defendant has indicated that Defendant is opposed to this motion in its entirety.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of August, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

GREGORY A. HEARING
ghearing@tsghlaw.com
Thompson, Sizemore, Gonzalez & Hearing, P.A.
201 N. Franklin Street, Suite 1600
Post Office Box 639 (33601)
Tampa, Florida 33602

ROBERT A. BURGOYNE
robert.burgoyne@nortonrosefulbright.com
Norton Rose Fulbright US LLP
799 9th Street, NW, Suite 1000
Washington, DC 20001-4501

Attorneys for National Board of Medical Examiners

Plaintiff's counsel has also emailed copies of the foregoing to the Defendant's attorneys.

Curtis Filaroski
Attorney for Plaintiff

9