**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ELIZABETH A. BLACK,

    Plaintiff,

v.                                Case No.: 8:16-cv-2117-T-23TGW

NATIONAL BOARD OF MEDICAL
    EXAMINERS,

    Defendant.
_____/

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS BILL OF COSTS

Defendant, National Board of Medical Examiners ("Defendant"), files this memorandum in support of its Bill of Costs, which seeks taxation of costs against Plaintiff, Elizabeth Black ("Plaintiff"), in the amount of $7,247.47, pursuant to 28 U.S.C. § 1920, 28 U.S.C. § 1821, Fed. R. Civ. P. 54(d)(1), and Local Rule 4.18.  Defendant is filing the Declaration of Robert A. Burgoyne in support of the Bill of Costs.

Defendant requests recovery of all permitted costs that have been billed through the inception of this action.  Itemization of and documentation for these costs are found in Tabs A through D to the Bill of Costs.

## MEMORANDUM OF LAW

Fed. R. Civ. P. 54(d)(1) provides that "costs . . . should be allowed to the prevailing party."  There exists a "strong presumption" under Rule 54(d)(1) that the prevailing party will be awarded costs.  See Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007).  If opposing

counsel challenges a prevailing party's motion for costs, the challenging party bears the burden of demonstrating that specific costs are not taxable. See Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).

The prevailing party may only recover those costs enumerated in 28 U.S.C. § 1920 ("Section 1920"). Section 1920 permits a judge or clerk of any court to tax the following items as costs against the non-prevailing party in an action:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

See 28 U.S.C. § 1920. Generally, all reasonable expenses incurred in case preparation, during the course of litigation, and as part of settlement may be taxed as costs. See Dowdell v. City of Apopka, 698 F.2d 1181, 1192 (11th Cir. 1983). The standard of reasonableness is to be given a liberal interpretation. See id.

Defendant is the prevailing party in this action. The Court granted Defendant's motion for summary judgment and entered a final judgment in Defendant's favor on September 5, 2017. (See Judgment in a Civil Case (Dkt. No. 58)). Accordingly, Defendant is entitled to recover its costs. See Schultz v. Ashcroft, 2006 WL 869869, at *6 (11th Cir. 2006) (holding defendants who obtained summary judgment were the prevailing parties and entitled to an award of costs under Section 1920 and Rule 54(d)).

### I.     Defendant Is Entitled to Recover Fees Paid to Court Clerks

Under subsection (1) of Section 1920, the prevailing party is entitled to recover fees paid to a clerk of court.  Here, two fees were paid by Defendant:  a $5.00 fee was paid to the Clerk of the District of Columbia Court of Appeals to obtain a Certificate of Good Standing for one of Defendant's attorneys of record, Robert Burgoyne, to be filed in this Court in support of a motion to permit Mr. Burgoyne to participate in this action *pro hac vice;* and a $150.00 fee was paid to the Clerk of this Court when the referenced *pro hac vice* motion was filed. These fees are properly taxed under Section 1920.

### II.     Defendant Is Entitled to Recover Fees for Court Reporting Services and Deposition Transcripts.

Under subsection (2) of Section 1920, the prevailing party is entitled to recover costs for depositions, which were "wholly or partially necessarily obtained for use in the case." E.E.O.C. v. W & O, Inc., 213 F.3d 620, 621 (11th Cir. 2000).  A court may tax costs associated with depositions submitted by the prevailing party in support of a motion for summary judgment.  Id.  Here, Defendant used the transcripts from the depositions of each of the following individuals in seeking summary judgment:  Plaintiff Elizabeth Black, Dr. Margaret-Booth Jones, Dr. Ashley Vigil-Otero, Dr. Kevin Murphy, and Dr. Catherine Farmer.  *See* Dkt. Nos. 31, 32, 33, 34, 35, 42-2, 42-3, and 42-4.  Accordingly, Defendant is entitled to recover $3,781.80 for fees associated with these depositions.

### III.     Defendant Is Entitled to Recover Witness Fees.

Under subsection (3) of Section 1920, the prevailing party is entitled to recover costs for witness fees.  The fees that may be taxed pursuant to this subsection consist of a $40 fee for "each day's attendance" at any court proceeding or deposition and for each day the witness

3

spends "necessarily occupied in going to or returning from the place of attendance," *see* 28 U.S.C. §§ 1821(a)(1), 1821(b), as well as "actual expenses of travel," *see id*. at §§ 1821(c), 1821(d).

Here, Defendant is seeking witness fees of $40 for two witnesses, Dr. Margaret Booth-Jones and Dr. Ashley Vigil-Otero, each of whom attended one day of deposition. Defendant is also seeking $80 in attendance fees for Dr. Kevin Murphy, who attended one day of deposition and incurred two days of travel time getting to and returning from the deposition. Dr. Murphy lives in Massachusetts. As an accommodation to the parties and their counsel, he travelled to and from Philadelphia so that his deposition could be taken in the same location as another witness, thereby reducing the legal fees and expenses that each party incurred in connection with his deposition. Dr. Murphy incurred travel costs in the amount of $480.72, which Defendant reimbursed. All of these costs are appropriately taxed pursuant to 18 U.S.C. §§ 1821 and 1920(3).

## IV.     **Defendant Is Entitled to Recover Copying Costs.**

Under subsection (4) of Section 1920, the prevailing party is entitled to recover costs for copies that are necessarily made or obtained for use in the case. In applying this standard, "'the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue.'" *Dillon v. AxxSys Int'l, Inc*., 2006 WL 3841809, *7 (M.D. Fla. 2006) (citation omitted). "Although a prevailing party may not recover for general photocopying, photocopying costs 'attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits and documents prepared for the Court's consideration are recoverable.'" *Id*. (citations omitted). Although the

burden of establishing entitlement to photocopying expenses lies with the prevailing party, "this does not require an accounting for each photocopy because that would make it impossible economically to recover those expenses." *Id*.

Here, Defendant is seeking to recover $2,648.35 for copies of documents made or obtained for use in this case. The copies included copies of documents produced to opposing party in discovery, documents provided to the Court as courtesy copies of filings, documents provided to third-party witnesses in connection with their testimony in the case, documents obtained from third-parties in discovery, documents produced by Plaintiff in discovery in an electronic format, and documents used in depositions. *See* Declaration of Robert A. Burgoyne, submitted herewith.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court approve the Bill of Costs and tax costs against Plaintiff in the amount of $7,247.47, which constitutes Defendant's costs through the date of filing the Bill of Costs.

DATED this 15th day of September, 2017.

                Respectfully submitted,

                */s/ Gregory A. Hearing*
                GREGORY A. HEARING
                Florida Bar No.: 817790
                ghearing@tsghlaw.com
                THOMPSON, SIZEMORE, GONZALEZ
                & HEARING, P.A.
                201 N. Franklin Street, Suite 1600
                Post Office Box 639 (33601)
                Tampa, Florida, 33602
                Tel:  (813) 273-0050
                Fax:  (813) 273-0072

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this <u>15th</u> day of September 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing:

Curtis Filaroski
Megan Collins
Disability Rights of Florida
2473 Care Drive, Suite #200
Tallahassee, Florida  32308

curtisf@disabilityrightsflorida.org
meganc@diabilityrightsflorida.org

Attorneys for Plaintiff

<u>/s/ Gregory A. Hearing</u><br>Attorney