UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH A. BLACK,

    Plaintiff,

v.                                      Case No.: 8:16-cv-2117-T-23TGW

NATIONAL BOARD OF MEDICAL
        EXAMINERS,

    Defendant.

_____/

## DECLARATION OF GREGORY A. HEARING

I, GREGORY A. HEARING, hereby verify the following information under penalty of perjury:

1. I am a shareholder in the firm Thompson, Sizemore, Gonzalez & Hearing, P.A., of Tampa, Florida ("Thompson, Sizemore"). Together with the law firm Norton Rose Fulbright US LLP ("Norton Rose Fulbright"), our firm has represented Defendant National Board of Medical Examiners ("Defendant") in this action.

2. I am giving this declaration under 17 U.S.C. § 1746 in support of Defendant's Bill of Costs, which has been filed concurrently with this Declaration.

3. To the best of my knowledge and belief, attached at **Tab A to this Declaration** are true and accurate copies of billing records from Norton Rose Fulbright and Thompson, Sizemore, reflecting **$155** in fees that were paid to court clerks in connection with the admission of my co-counsel, Robert A. Burgoyne, to participate in this case on a *pro hac vice* basis. A $5 fee was paid to the Clerk of the District of Columbia Court of Appeals to obtain a

Certificate of Good Standing for Mr. Burgoyne, and a $150 fee was paid to the Clerk of this Court as the fee for seeking permission for Mr. Burgoyne to appear *pro hac vice*. Mr. Burgoyne regularly serves as outside counsel for the National Board of Medical Examiners and actively participated in the defense of this action as co-counsel with our firm. I verify that these fees were necessarily incurred in this action and the services for which the fees have been charged to Defendant were actually and necessarily performed.

     5.    To the best of my knowledge and belief, attached at **Tab B to this Declaration** are true and accurate copies of invoices paid by Defendant for electronically recorded deposition transcripts that were necessarily obtained for use in this action. The five transcripts reflected in Tab B, and the fees for those transcripts, are as follow:

| | |
|---|---|
| $ 525.17 | First Choice Reporting Services<br>Deposition of Dr. Margaret Booth-Jones (5/15/17) |
| $ 581.07 | First Choice Reporting Services<br>Deposition of Dr. Ashley Vigil-Otero (5/15/17) |
| $1,427.78 | First Choice Reporting Services<br>Deposition of Elizabeth A. Black (5/16/17) |
| $ 541.20 | Atkinson-Baker, Inc.<br>Deposition of Dr. Kevin Murphy (5/11/17) |
| $ 706.58 | Atkinson-Baker, Inc.<br>Deposition of Dr. Catherine Farmer (5/10/17) |
| **$3,781.80** | |

To the best of my knowledge and belief, the court reporter services reflected in these invoices are correct. The fees for those services were necessarily incurred in this action, and the services

for which the fees have been charged to Defendant were actually and necessarily performed. The transcripts from all of these depositions were relied upon by Defendant in seeking summary judgment in this action, and by Plaintiff in opposing summary judgment.

      6.      To the best of my knowledge and belief, attached at **Tab C to this Declaration** are true and accurate copies of billing records reflecting a total of **$662.32** in fees for witnesses in this action, summarized as follows:

| | |
|---|---|
| $ 40.00 | Dr. Ashley Vigil-Otero, Attendance fee for deposition (1 day) |
| 10.80 | Dr. Ashley Vigil-Otero, Mileage (20 miles) |
| $ 40.00 | Dr. Margaret Booth-Jones, Attendance fee for deposition (1 day) |
| 10.80 | Dr. Margaret Booth-Jones, Mileage (20 miles) |
| $ 80.00 | Dr. Kevin Murphy, Attendance fee for deposition & travel (2 days) |
| 480.72 | Dr. Kevin Murphy, Subsistence (hotel, meals, taxis, tolls) |
| **$662.32** | |

I verify that the statement of these fees is correct, the fees for these witnesses were necessarily incurred in this action, and the services for which the fees have been charged to Defendant were actually and necessarily performed.

      7.      To the best of my knowledge and belief, attached at **Tab D to this Declaration** are true and accurate copies of billing records reflecting a total of **$2,648.35** for the costs of making copies of materials that, to the best of my knowledge and belief, were reasonably and necessarily obtained for use in this action. These records include invoices from two third-parties who billed Defendant for the costs of copying records that they produced in discovery, Dr. Ashley-Vigil Otero ($36.25) and the University of Pennsylvania ($25). It also includes billing records from Norton Rose Fulbright and Thompson, Sizemore. While the billing records from Norton Rose Fulbright and Thompson, Sizemore do not identify the specific

purpose for which copies were made in a given instance, copies were made in this action for at least the following purposes:

    a)    In connection with the production of documents to Plaintiff in discovery

    b)    As courtesy copies for Chambers of filings made in this action by Defendant

    c)    In connection with making documents available for review by non-parties who provided declarations in this action that were used by Defendant in support of its motion for summary judgment

    d)    In connection with the depositions of individuals whose deposition transcripts were used by Defendant in support of its motion for summary judgment

    e)    In connection with correspondence to opposing counsel and third-parties

    f)    To obtain hard copies of documents that were produced in discovery to Defendant in an electronic format by Plaintiff or third parties

I verify that the statement of these fees is correct, and that these copying costs were reasonably and necessarily incurred in this action to the best of my knowledge and belief. Defendant is not seeking to have taxed the copying costs that were incurred in this action directly by Defendant.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 15th day of September, 2017.

_Gregory A. Hearing_
Gregory A. Hearing